UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE CITY OF CHICAGO,<br><br>       Plaintiff,<br><br>  v.<br><br>JEFF SESSIONS, Attorney General of the United States,<br><br>       Defendant. | No. 1:17-cv-05720<br><br>Judge Leinenweber |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE BRIEFING SCHEDULE

The defendant, by his undersigned counsel, opposes Plaintiff's Motion to Expedite Briefing Schedule (Dkt. No. 19) and respectfully requests that his opposition to Plaintiff's Motion for Preliminary Injunction (Dkt. No. 21) be due on August 24, 2017, fourteen days after the filing of the motion for preliminary injunction. In support hereof, defendant states as follows:

  1. Plaintiff moved for a preliminary injunction on August 10, 2017 (Dkt. No. 21). The motion includes a twenty-five page brief, three supporting declarations containing nine exhibits, and a request for judicial notice attaching an additional seventeen exhibits. Plaintiff proposes that defendant receive just one week to respond to this submission, and that the plaintiff itself then receive another week to reply (Dkt. No. 19 ¶ 8).

  2. Plaintiff's demand for expedited briefing rests on a mistaken view that September 5, 2017, is a decisive date for the issues raised in this action. According to the plaintiff, expedition of its motion for preliminary injunction is needed because of a September 5 deadline to apply for a grant under the Edward Byrne Memorial Justice Assistance Grant ("Byrne JAG") program (Dkt. No. 19 ¶ 7.) Plaintiff complains of certain terms that might be attached to the *acceptance* of a Byrne JAG grant, but then

asserts, without support, that by submitting an *application* for such a grant, plaintiff would "thereby indicate that it will accept an award on those terms" (Dkt. No. 19 ¶ 3). That is incorrect, and, in fact, the plaintiff is months away from any conceivable deadline to decide whether to accept an award on whatever terms might be imposed.

3. Plaintiff's proposed schedule is unnecessary because September 5, 2017, is not a decisive date in light of the process for seeking, approving, and accepting a grant under the Byrne JAG program. Although plaintiff's application for a Fiscal Year 2017 Byrne JAG grant is due September 5, plaintiff will not be required to accept or reject the challenged grant conditions at that time.

4. As indicated in the current *DOJ Grants Financial Guide* (2015), which applies to grants made by the Office of Justice Programs ("OJP") of the Department of Justice, OJP reviews each application, then generates an award package for each approved applicant and sends each such applicant an award notification. *See DOJ Grants Financial Guide* § 2.2, Acceptance of Award and Award Conditions: Award Notification and Acceptance Procedures (Attachment 1 hereto).[1] OJP's aim is to issue the award notifications by September 30, 2017, although that timing is not mandatory and the funds will remain available in the ordinary course until OJP makes the award decisions. *See* Edward Byrne Memorial Justice Assistance Grant Program, FY 2017 Local Solicitation at 29, *reprinted in* Request for Judicial Notice in Support of Plaintiff's Motion for Preliminary Injunction at Ex. K (Dkt. No. 26-11).

5. Once OJP generates the award packages and sends each approved applicant an award notification, the applicant has at least 45 calendar days to sign and submit the award acceptance document to OJP. *See DOJ Grants Financial Guide* § 2.2, Acceptance of Award and Award Conditions: Award Notification and Acceptance Procedures

---

[1] The *DOJ Grants Financial Guide* is posted on the OJP web site at https://ojp.gov/ financialguide/ DOJ/ index.htm and is available for download as a PDF file.

2

(Attachment 1 hereto).  Only at *that* time – upon signing the award document – does a grantee commit to abide by the grant conditions.  *See id.*; Edward Byrne Memorial Justice Assistance Grant Program, FY 2017 Local Solicitation at 15, 22-23, 29, *reprinted in* Request for Judicial Notice in Support of Plaintiff's Motion for Preliminary Injunction, Ex. K (Dkt. No. 26-11).[2]  Thus, September 5, 2017, is not a "deadline" for the preliminary injunctive relief sought here (Dkt. No. 19 ¶ 8), and no expedited resolution of the motion for preliminary injunction is needed.

      6.  Further, especially given that plaintiff's September 5 "deadline" is not decisive, defendant cannot reasonably be expected to prepare a response to plaintiff's motion for preliminary injunction within one week.  As reflected in the fact that plaintiff sought an extension of the page limitation to 25 pages, plaintiff's motion covers multiple claims and multiple theories, including important arguments of unconstitutionality.  The defendant should not be required to address "the significant constitutional and statutory issues presented by this case" (Dkt. No. 19 ¶ 11) on a one-week turnaround.

      7.  Finally, court rules generally give a movant less time to file a reply than for an opponent to file an opposition to the motion.  Plaintiff's proposed briefing schedule, however, would provide an equal amount of time – one week – for defendant to file its opposition and for plaintiff to file its reply.  Since the plaintiff has already had a significant opportunity to attempt to support its motion (in 25 pages), the defendant should have a greater length of time to prepare his opposition than the plaintiff will have to prepare yet another brief in support.

---

[2] Further, the program announcement and other documents to which the plaintiff refers, such as the "Alert" box on the Web page entitled "Overview of Legal Requirements Generally Applicable to OJP Grants and Cooperative Agreements - FY 2017 Awards," *reprinted in* Request for Judicial Notice in Support of Plaintiff's Motion for Preliminary Injunction, Ex. M (Dkt. No. 26-13), only advised prospective applicants regarding the general tenor of the conditions that would be included in the award packages.  The award documents will contain the actual language and detailed contours of the conditions, which OJP is currently developing and which prospective awardees will be able to review before determining whether to accept the award.

3

\* \* \*

WHEREFORE, defendant opposes plaintiff's motion for expedited briefing and requests that his opposition be due August 24, 2017, fourteen days after the filing of plaintiff's motion for preliminary injunction.

Dated: August 14, 2017

          Respectfully submitted,

          CHAD A. READLER
          Acting Assistant Attorney General

          JOEL R. LEVIN
          Acting United States Attorney

          JOHN R. TYLER
          Assistant Director

          STEPHEN J. BUCKINGHAM
          Special Counsel

          s/ W. Scott Simpson
          _____
          W. SCOTT SIMPSON
          ARJUN GARG

          Attorneys, Department of Justice
          Civil Division, Room 7210
          Federal Programs Branch
          Post Office Box 883
          Washington, D.C. 20044
          Telephone:   (202) 514-3330
          Facsimile:   (202) 616-8470
          E-mail:   scott.simpson@usdoj.gov

          COUNSEL FOR DEFENDANT