## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE CITY OF CHICAGO,<br><br>*Plaintiff*,<br><br>v.<br><br>JEFF SESSIONS, Attorney General of the United States,<br><br>*Defendant*. | Civil Action No. 1:17-cv-05720<br><br>Hon. Harry D. Leinenweber |

## DECLARATION OF ALAN R. HANSON

Pursuant to 28 U.S.C. § 1746, I, Alan R. Hanson, declare as follows:

1.       I am the Acting Assistant Attorney General for the Office of Justice Programs ("OJP") at the U.S. Department of Justice. I have held this position since January 30, 2017. As Acting Assistant Attorney General, I am the head of OJP.

2.       OJP administers the Edward Byrne Memorial Justice Assistance Grant ("Byrne JAG") program.

3.       Attached as **Exhibit A** is a true and correct copy of an award document transmitted on August 23, 2017 (as part of an award package) to the County of Greenville, South Carolina, an applicant to and prospective recipient under the FY 2017 Byrne JAG - Local Solicitation (Dkt. No. 26-11).

4.       Attached as **Exhibit B** is a true and correct copy of an award document transmitted on August 23, 2017 (as part of an award package) to the City of Binghamton, New York, an applicant to and prospective recipient under the FY 2017 Byrne JAG - Local Solicitation (Dkt. No. 26-11).

5.       In each of Exhibits A and B, the award document sets out the various conditions ("special conditions") that will apply to the FY 2017 Byrne JAG award, if the

prospective recipient chooses to accept the award. *See, e.g.*, Exhibit A at 1, Box 12; Exhibit B at 1, Box 12.

6.      Conditions 1 through 58 are identical in each of Exhibits A and B and are being included in each award document being generated within OJP for awards under the FY 2017 Byrne JAG - Local Solicitation, including any such award document that would be generated for the City of Chicago, Illinois.

7.      Attached as **Exhibit C** is a true and correct copy of an award document transmitted on September 7, 2016 (as part of an award package), to the City of Chicago, Illinois under the FY 2016 Byrne JAG - Local Solicitation. Chicago subsequently accepted the award (with the various conditions contained therein).

I declare under penalty of perjury that the foregoing is true and correct.


Dated:  August 24, 2017

Alan R. Hanson

# Exhibit A*

* In the document that follows, on the page labeled "1 of 20," information in the original document has been redacted in fields 2a ("GRANTEE IRS/VENDOR NO") and 2b ("GRANTEE DUNS NO").

| U.S. Department of Justice<br>Office of Justice Programs<br>**Bureau of Justice Assistance** | **Grant** | PAGE 1 OF 20 |
|---|---|---|

| 1 RECIPIENT NAME AND ADDRESS (Including Zip Code)<br>County of Greenville<br>301 University Ridge, Suite 600<br>Greeville, SC 29601 | 4 AWARD NUMBER: 2017-DJ-BX-0002 | |
|---|---|---|

| | 5 PROJECT PERIOD: FROM 10/01/2016 TO 09/30/2020<br>BUDGET PERIOD: FROM 10/01/2016 TO 09/30/2020 | |
|---|---|---|

| 2a GRANTEE IRS/VENDOR NO<br>[REDACTED] | 6 AWARD DATE 08/23/2017 | 7 ACTION |
|---|---|---|
| | 8 SUPPLEMENT NUMBER<br>00 | Initial |
| 2b GRANTEE DUNS NO<br>[REDACTED] | 9 PREVIOUS AWARD AMOUNT | $ 0 |
| 3 PROJECT TITLE<br>Judicial Support and Law Enforcement Enhancements 2017 | 10 AMOUNT OF THIS AWARD | $ 163,164 |
| | 11 TOTAL AWARD | $ 163,164 |

**12 SPECIAL CONDITIONS**

THE ABOVE GRANT PROJECT IS APPROVED SUBJECT TO SUCH CONDITIONS OR LIMITATIONS AS ARE SET FORTH
ON THE ATTACHED PAGE(S)

**13 STATUTORY AUTHORITY FOR GRANT**

This project is supported under FY17(BJA - JAG State and JAG Local) Title I of Pub L No 90-351 (generally codified at 42 U S C 3711 - 3797ff-5),
including subpart 1 of part E (codified at 42 U S C 3750 - 3758); see also 28 U S C 530C(a)

**14 CATALOG OF DOMESTIC FEDERAL ASSISTANCE (CFDA Number)**

16 738 - Edward Byrne Memorial Justice Assistance Grant Program

**15 METHOD OF PAYMENT**

GPRS

| AGENCY APPROVAL | GRANTEE ACCEPTANCE |
|---|---|
| 16 TYPED NAME AND TITLE OF APPROVING OFFICIAL<br><br>Alan R Hanson<br><br>Acting Assistant Attorney General | 18 TYPED NAME AND TITLE OF AUTHORIZED GRANTEE OFFICIAL<br><br>Joseph M Kernell<br>County Administrator |
| 17 SIGNATURE OF APPROVING OFFICIAL<br><br>*Alan R. Hanson* | 19 SIGNATURE OF AUTHORIZED RECIPIENT OFFICIAL | 19A DATE |

| AGENCY USE ONLY | |
|---|---|

**20 ACCOUNTING CLASSIFICATION CODES**

| FISCAL<br>YEAR | FUND<br>CODE | BUD<br>ACT | OFC | DIV<br>REG | SUB | POMS | AMOUNT |
|---|---|---|---|---|---|---|---|
| X | B | DJ | 80 | 00 | 00 | | 163164 |

**21 SDJUGT0339**

OJP FORM 4000/2 (REV 5-87) PREVIOUS EDITIONS ARE OBSOLETE

OJP FORM 4000/2 (REV 4-88)



| U.S. Department of Justice<br>Office of Justice Programs<br>**Bureau of Justice Assistance** | **AWARD CONTINUATION<br>SHEET<br>Grant** | PAGE 2 OF 20 |
|---|---|---|

| PROJECT NUMBER | 2017-DJ-BX-0002 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

1. Requirements of the award; remedies for non-compliance or for materially false statements

   The conditions of this award are material requirements of the award. Compliance with any certifications or assurances submitted by or on behalf of the recipient that relate to conduct during the period of performance also is a material requirement of this award.

   Failure to comply with any one or more of these award requirements -- whether a condition set out in full below, a condition incorporated by reference below, or a certification or assurance related to conduct during the award period -- may result in the Office of Justice Programs ("OJP") taking appropriate action with respect to the recipient and the award. Among other things, the OJP may withhold award funds, disallow costs, or suspend or terminate the award. The Department of Justice ("DOJ"), including OJP, also may take other legal action as appropriate.

   Any materially false, fictitious, or fraudulent statement to the federal government related to this award (or concealment or omission of a material fact) may be the subject of criminal prosecution (including under 18 U.S.C. 1001 and/or 1621, and/or 42 U.S.C. 3795a), and also may lead to imposition of civil penalties and administrative remedies for false claims or otherwise (including under 31 U.S.C. 3729-3730 and 3801-3812).

   Should any provision of a requirement of this award be held to be invalid or unenforceable by its terms, that provision shall first be applied with a limited construction so as to give it the maximum effect permitted by law. Should it be held, instead, that the provision is utterly invalid or -unenforceable, such provision shall be deemed severable from this award.

2. Applicability of Part 200 Uniform Requirements

   The Uniform Administrative Requirements, Cost Principles, and Audit Requirements in 2 C.F.R. Part 200, as adopted and supplemented by DOJ in 2 C.F.R. Part 2800 (together, the "Part 200 Uniform Requirements") apply to this FY 2017 award from OJP.

   The Part 200 Uniform Requirements were first adopted by DOJ on December 26, 2014. If this FY 2017 award supplements funds previously awarded by OJP under the same award number (e.g., funds awarded during or before December 2014), the Part 200 Uniform Requirements apply with respect to all funds under that award number (regardless of the award date, and regardless of whether derived from the initial award or a supplemental award) that are obligated on or after the acceptance date of this FY 2017 award.

   For more information and resources on the Part 200 Uniform Requirements as they relate to OJP awards and subawards ("subgrants"), see the OJP website at https://ojp.gov/funding/Part200UniformRequirements htm.

   In the event that an award-related question arises from documents or other materials prepared or distributed by OJP that may appear to conflict with, or differ in some way from, the provisions of the Part 200 Uniform Requirements, the recipient is to contact OJP promptly for clarification.

3. Compliance with DOJ Grants Financial Guide

   The recipient agrees to comply with the DOJ Grants Financial Guide as posted on the OJP website (currently, the "2015 DOJ Grants Financial Guide" available at https://ojp.gov/financialguide/DOJ/index htm), including any updated version that may be posted during the period of performance.



| U.S. Department of Justice<br>Office of Justice Programs<br>**Bureau of Justice Assistance** | **AWARD CONTINUATION<br>SHEET<br>Grant** | PAGE  3  OF  20 |
|---|---|---|

| PROJECT NUMBER | 2017-DJ-BX-0002 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

4.   Required training for Point of Contact and all Financial Points of Contact

Both the Point of Contact (POC) and all Financial Points of Contact (FPOCs) for this award must have successfully completed an "OJP financial management and grant administration training" by 120 days after the date of the recipient's acceptance of the award.  Successful completion of such a training on or after January 1, 2015, will satisfy this condition.

In the event that either the POC or an FPOC for this award changes during the period of performance, the new POC or FPOC must have successfully completed an "OJP financial management and grant administration training" by 120 calendar days after-- (1) the date of OJP's approval of the "Change Grantee Contact" GAN (in the case of a new POC), or (2) the date the POC enters information on the new FPOC in GMS (in the case of a new FPOC).  Successful completion of such a training on or after January 1, 2015, will satisfy this condition.

A list of OJP trainings that OJP will consider "OJP financial management and grant administration training" for purposes of this condition is available at https://www.ojp.gov/training/fmts htm.  All trainings that satisfy this condition include a session on grant fraud prevention and detection.

The recipient should anticipate that OJP will immediately withhold ("freeze") award funds if the recipient fails to comply with this condition.  The recipient's failure to comply also may lead OJP to impose additional appropriate conditions on this award.

5.   Requirements related to "de minimis" indirect cost rate

A recipient that is eligible under the Part 200 Uniform Requirements and other applicable law to use the "de minimis" indirect cost rate described in 2 C.F.R. 200.414(f), and that elects to use the "de minimis" indirect cost rate, must advise OJP in writing of both its eligibility and its election, and must comply with all associated requirements in the Part 200 Uniform Requirements.  The "de minimis" rate may be applied only to modified total direct costs (MTDC) as defined by the Part 200 Uniform Requirements.

6.   Requirement to report potentially duplicative funding

If the recipient currently has other active awards of federal funds, or if the recipient receives any other award of federal funds during the period of performance for this award, the recipient promptly must determine whether funds from any of those other federal awards have been, are being, or are to be used (in whole or in part) for one or more of the identical cost items for which funds are provided under this award.  If so, the recipient must promptly notify the DOJ awarding agency (OJP or OVW, as appropriate) in writing of the potential duplication, and, if so requested by the DOJ awarding agency, must seek a budget-modification or change-of-project-scope grant adjustment notice (GAN) to eliminate any inappropriate duplication of funding.



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET
Grant**

PAGE   4   OF   20

| PROJECT NUMBER | 2017-DJ-BX-0002 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

7. Requirements related to System for Award Management and Universal Identifier Requirements

The recipient must comply with applicable requirements regarding the System for Award Management (SAM), currently accessible at https://www.sam.gov/. This includes applicable requirements regarding registration with SAM, as well as maintaining the currency of information in SAM.

The recipient also must comply with applicable restrictions on subawards ("subgrants") to first-tier subrecipients (first-tier "subgrantees"), including restrictions on subawards to entities that do not acquire and provide (to the recipient) the unique entity identifier required for SAM registration.

The details of the recipient's obligations related to SAM and to unique entity identifiers are posted on the OJP web site at https://ojp.gov/funding/Explore/SAM htm (Award condition: System for Award Management (SAM) and Universal Identifier Requirements), and are incorporated by reference here.

This condition does not apply to an award to an individual who received the award as a natural person (i.e., unrelated to any business or non-profit organization that he or she may own or operate in his or her name).

8. All subawards ("subgrants") must have specific federal authorization

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements for authorization of any subaward. This condition applies to agreements that -- for purposes of federal grants administrative requirements -- OJP considers a "subaward" (and therefore does not consider a procurement "contract").

The details of the requirement for authorization of any subaward are posted on the OJP web site at https://ojp.gov/funding/Explore/SubawardAuthorization htm (Award condition: All subawards ("subgrants") must have specific federal authorization), and are incorporated by reference here.

9. Specific post-award approval required to use a noncompetitive approach in any procurement contract that would exceed $150,000

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements to obtain specific advance approval to use a noncompetitive approach in any procurement contract that would exceed the Simplified Acquisition Threshold (currently, $150,000). This condition applies to agreements that -- for purposes of federal grants administrative requirements -- OJP considers a procurement "contract" (and therefore does not consider a subaward).

The details of the requirement for advance approval to use a noncompetitive approach in a procurement contract under an OJP award are posted on the OJP web site at https://ojp.gov/funding/Explore/NoncompetitiveProcurement htm (Award condition: Specific post-award approval required to use a noncompetitive approach in a procurement contract (if contract would exceed $150,000)), and are incorporated by reference here.



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION SHEET**

**Grant**

PAGE   5   OF   20

| PROJECT NUMBER | 2017-DJ-BX-0002 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

10. Requirements pertaining to prohibited conduct related to trafficking in persons (including reporting requirements and OJP authority to terminate award)

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements (including requirements to report allegations) pertaining to prohibited conduct related to the trafficking of persons, whether on the part of recipients, subrecipients ("subgrantees"), or individuals defined (for purposes of this condition) as "employees" of the recipient or of any subrecipient.

The details of the recipient's obligations related to prohibited conduct related to trafficking in persons are posted on the OJP web site at https://ojp.gov/funding/Explore/ProhibitedConduct-Trafficking htm (Award condition: Prohibited conduct by recipients and subrecipients related to trafficking in persons (including reporting requirements and OJP authority to terminate award)), and are incorporated by reference here.

11. Compliance with applicable rules regarding approval, planning, and reporting of conferences, meetings, trainings, and other events

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable laws, regulations, policies, and official DOJ guidance (including specific cost limits, prior approval and reporting requirements, where applicable) governing the use of federal funds for expenses related to conferences (as that term is defined by DOJ), including the provision of food and/or beverages at such conferences, and costs of attendance at such conferences.

Information on the pertinent DOJ definition of conferences and the rules applicable to this award appears in the DOJ Grants Financial Guide (currently, as section 3.10 of "Postaward Requirements" in the "2015 DOJ Grants Financial Guide").

12. Requirement for data on performance and effectiveness under the award

The recipient must collect and maintain data that measure the performance and effectiveness of work under this award. The data must be provided to OJP in the manner (including within the timeframes) specified by OJP in the program solicitation or other applicable written guidance. Data collection supports compliance with the Government Performance and Results Act (GPRA) and the GPRA Modernization Act of 2010, and other applicable laws.

13. OJP Training Guiding Principles

Any training or training materials that the recipient -- or any subrecipient ("subgrantee") at any tier -- develops or delivers with OJP award funds must adhere to the OJP Training Guiding Principles for Grantees and Subgrantees, available at https://ojp.gov/funding/ojptrainingguidingprinciples htm.

14. Effect of failure to address audit issues

The recipient understands and agrees that the DOJ awarding agency (OJP or OVW, as appropriate) may withhold award funds, or may impose other related requirements, if (as determined by the DOJ awarding agency) the recipient does not satisfactorily and promptly address outstanding issues from audits required by the Part 200 Uniform Requirements (or by the terms of this award), or other outstanding issues that arise in connection with audits, investigations, or reviews of DOJ awards.

15. Potential imposition of additional requirements

The recipient agrees to comply with any additional requirements that may be imposed by the DOJ awarding agency (OJP or OVW, as appropriate) during the period of performance for this award, if the recipient is designated as "high-risk" for purposes of the DOJ high-risk grantee list.



| U.S. Department of Justice<br>Office of Justice Programs<br>**Bureau of Justice Assistance** | **AWARD CONTINUATION SHEET**<br>**Grant** | PAGE  6  OF  20 |
|---|---|---|

| PROJECT NUMBER | 2017-DJ-BX-0002 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

16. Compliance with DOJ regulations pertaining to civil rights and nondiscrimination - 28 C.F.R. Part 42

    The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements of 28 C.F.R. Part 42, specifically including any applicable requirements in Subpart E of 28 C.F.R. Part 42 that relate to an equal employment opportunity program.

17. Compliance with DOJ regulations pertaining to civil rights and nondiscrimination - 28 C.F.R. Part 54

    The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements of 28 C.F.R. Part 54, which relates to nondiscrimination on the basis of sex in certain "education programs."

18. Compliance with DOJ regulations pertaining to civil rights and nondiscrimination - 28 C.F.R. Part 38

    The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements of 28 C.F.R. Part 38, specifically including any applicable requirements regarding written notice to program beneficiaries and prospective program beneficiaries.  Part 38 of 28 C.F.R., a DOJ regulation, was amended effective May 4, 2016.

    Among other things, 28 C.F.R. Part 38 includes rules that prohibit specific forms of discrimination on the basis of religion, a religious belief, a refusal to hold a religious belief, or refusal to attend or participate in a religious practice. Part 38 also sets out rules and requirements that pertain to recipient and subrecipient ("subgrantee") organizations that engage in or conduct explicitly religious activities, as well as rules and requirements that pertain to recipients and subrecipients that are faith-based or religious organizations.

    The text of the regulation, now entitled "Partnerships with Faith-Based and Other Neighborhood Organizations," is available via the Electronic Code of Federal Regulations (currently accessible at https://www.ecfr.gov/cgi-bin/ECFR?page=browse), by browsing to Title 28-Judicial Administration, Chapter 1, Part 38, under e-CFR "current" data.

19. Restrictions on "lobbying"

    In general, as a matter of federal law, federal funds awarded by OJP may not be used by the recipient, or any subrecipient ("subgrantee") at any tier, either directly or indirectly, to support or oppose the enactment, repeal, modification, or adoption of any law, regulation, or policy, at any level of government.  See 18 U.S.C. 1913.  (There may be exceptions if an applicable federal statute specifically authorizes certain activities that otherwise would be barred by law.)

    Another federal law generally prohibits federal funds awarded by OJP from being used by the recipient, or any subrecipient at any tier, to pay any person to influence (or attempt to influence) a federal agency, a Member of Congress, or Congress (or an official or employee of any of them) with respect to the awarding of a federal grant or cooperative agreement, subgrant, contract, subcontract, or loan, or with respect to actions such as renewing, extending, or modifying any such award.  See 31 U.S.C. 1352.  Certain exceptions to this law apply, including an exception that applies to Indian tribes and tribal organizations.

    Should any question arise as to whether a particular use of federal funds by a recipient (or subrecipient) would or might fall within the scope of these prohibitions, the recipient is to contact OJP for guidance, and may not proceed without the express prior written approval of OJP.



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET**

**Grant**

PAGE 7 OF 20

| PROJECT NUMBER | 2017-DJ-BX-0002 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

20. Compliance with general appropriations-law restrictions on the use of federal funds (FY 2017)

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable restrictions on the use of federal funds set out in federal appropriations statutes. Pertinent restrictions, including from various "general provisions" in the Consolidated Appropriations Act, 2017, are set out at https://ojp.gov/funding/Explore/FY17AppropriationsRestrictions htm, and are incorporated by reference here.

Should a question arise as to whether a particular use of federal funds by a recipient (or a subrecipient) would or might fall within the scope of an appropriations-law restriction, the recipient is to contact OJP for guidance, and may not proceed without the express prior written approval of OJP.

21. Reporting potential fraud, waste, and abuse, and similar misconduct

The recipient, and any subrecipients ("subgrantees") at any tier, must promptly refer to the DOJ Office of the Inspector General (OIG) any credible evidence that a principal, employee, agent, subrecipient, contractor, subcontractor, or other person has, in connection with funds under this award-- (1) submitted a claim that violates the False Claims Act; or (2) committed a criminal or civil violation of laws pertaining to fraud, conflict of interest, bribery, gratuity, or similar misconduct.

Potential fraud, waste, abuse, or misconduct involving or relating to funds under this award should be reported to the OIG by-- (1) mail directed to: Office of the Inspector General, U.S. Department of Justice, Investigations Division, 950 Pennsylvania Avenue, N.W. Room 4706, Washington, DC 20530; (2) e-mail to: oig hotline@usdoj.gov; and/or (3) the DOJ OIG hotline: (contact information in English and Spanish) at (800) 869-4499 (phone) or (202) 616-9881 (fax).

Additional information is available from the DOJ OIG website at https://www.usdoj.gov/oig.



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION SHEET**

**Grant**

PAGE  8  OF  20

| PROJECT NUMBER | 2017-DJ-BX-0002 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

22. Restrictions and certifications regarding non-disclosure agreements and related matters

No recipient or subrecipient ("subgrantee") under this award, or entity that receives a procurement contract or subcontract with any funds under this award, may require any employee or contractor to sign an internal confidentiality agreement or statement that prohibits or otherwise restricts, or purports to prohibit or restrict, the reporting (in accordance with law) of waste, fraud, or abuse to an investigative or law enforcement representative of a federal department or agency authorized to receive such information.

The foregoing is not intended, and shall not be understood by the agency making this award, to contravene requirements applicable to Standard Form 312 (which relates to classified information), Form 4414 (which relates to sensitive compartmented information), or any other form issued by a federal department or agency governing the nondisclosure of classified information.

1.  In accepting this award, the recipient--

a.  represents that it neither requires nor has required internal confidentiality agreements or statements from employees or contractors that currently prohibit or otherwise currently restrict (or purport to prohibit or restrict) employees or contractors from reporting waste, fraud, or abuse as described above; and

b.  certifies that, if it learns or is notified that it is or has been requiring its employees or contractors to execute agreements or statements that prohibit or otherwise restrict (or purport to prohibit or restrict), reporting of waste, fraud, or abuse as described above, it will immediately stop any further obligations of award funds, will provide prompt written notification to the federal agency making this award, and will resume (or permit resumption of) such obligations only if expressly authorized to do so by that agency.

2.  If the recipient does or is authorized under this award to make subawards ("subgrants"), procurement contracts, or both--

a.  it represents that--

(1)  it has determined that no other entity that the recipient's application proposes may or will receive award funds (whether through a subaward ("subgrant"), procurement contract, or subcontract under a procurement contract) either requires or has required internal confidentiality agreements or statements from employees or contractors that currently prohibit or otherwise currently restrict (or purport to prohibit or restrict) employees or contractors from reporting waste, fraud, or abuse as described above; and

(2)  it has made appropriate inquiry, or otherwise has an adequate factual basis, to support this representation; and

b.  it certifies that, if it learns or is notified that any subrecipient, contractor, or subcontractor entity that receives funds under this award is or has been requiring its employees or contractors to execute agreements or statements that prohibit or otherwise restrict (or purport to prohibit or restrict), reporting of waste, fraud, or abuse as described above, it will immediately stop any further obligations of award funds to or by that entity, will provide prompt written notification to the federal agency making this award, and will resume (or permit resumption of) such obligations only if expressly authorized to do so by that agency.



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET**

**Grant**

PAGE 9 OF 20

| PROJECT NUMBER | 2017-DJ-BX-0002 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

23. Compliance with 41 U.S.C. 4712 (including prohibitions on reprisal; notice to employees)

The recipient (and any subrecipient at any tier) must comply with, and is subject to, all applicable provisions of 41 U.S.C. 4712, including all applicable provisions that prohibit, under specified circumstances, discrimination against an employee as reprisal for the employee's disclosure of information related to gross mismanagement of a federal grant, a gross waste of federal funds, an abuse of authority relating to a federal grant, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a federal grant.

The recipient also must inform its employees, in writing (and in the predominant native language of the workforce), of employee rights and remedies under 41 U.S.C. 4712.

Should a question arise as to the applicability of the provisions of 41 U.S.C. 4712 to this award, the recipient is to contact the DOJ awarding agency (OJP or OVW, as appropriate) for guidance.

24. Encouragement of policies to ban text messaging while driving

Pursuant to Executive Order 13513, "Federal Leadership on Reducing Text Messaging While Driving," 74 Fed. Reg. 51225 (October 1, 2009), DOJ encourages recipients and subrecipients ("subgrantees") to adopt and enforce policies banning employees from text messaging while driving any vehicle during the course of performing work funded by this award, and to establish workplace safety policies and conduct education, awareness, and other outreach to decrease crashes caused by distracted drivers.

25. Cooperating with OJP Monitoring

The recipient agrees to cooperate with OJP monitoring of this award pursuant to OJP's guidelines, protocols, and procedures, and to cooperate with OJP (including the grant manager for this award and the Office of Chief Financial Officer (OCFO)) requests related to such monitoring, including requests related to desk reviews and/or site visits. The recipient agrees to provide to OJP all documentation necessary for OJP to complete its monitoring tasks, including documentation related to any subawards made under this award. Further, the recipient agrees to abide by reasonable deadlines set by OJP for providing the requested documents. Failure to cooperate with OJP's monitoring activities may result in actions that affect the recipient's DOJ awards, including, but not limited to: withholdings and/or other restrictions on the recipient's access to award funds; referral to the DOJ OIG for audit review; designation of the recipient as a DOJ High Risk grantee; or termination of an award(s).

26. FFATA reporting: Subawards and executive compensation

The recipient must comply with applicable requirements to report first-tier subawards ("subgrants") of $25,000 or more and, in certain circumstances, to report the names and total compensation of the five most highly compensated executives of the recipient and first-tier subrecipients (first-tier "subgrantees") of award funds. The details of recipient obligations, which derive from the Federal Funding Accountability and Transparency Act of 2006 (FFATA), are posted on the OJP web site at https://ojp.gov/funding/Explore/FFATA htm (Award condition: Reporting Subawards and Executive Compensation), and are incorporated by reference here.

This condition, including its reporting requirement, does not apply to-- (1) an award of less than $25,000, or (2) an award made to an individual who received the award as a natural person (i.e., unrelated to any business or non-profit organization that he or she may own or operate in his or her name).



| U.S. Department of Justice<br>Office of Justice Programs<br>**Bureau of Justice Assistance** | **AWARD CONTINUATION<br>SHEET**<br>**Grant** | PAGE 10 OF 20 |
|---|---|---|

| PROJECT NUMBER | 2017-DJ-BX-0002 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

27. Use of program income

Program income (as defined in the Part 200 Uniform Requirements) must be used in accordance with the provisions of the Part 200 Uniform Requirements. Program income earnings and expenditures both must be reported on the quarterly Federal Financial Report, SF 425.

28. Justice Information Sharing

In order to promote information sharing and enable interoperability among disparate systems across the justice and public safety community, the recipient (and any subrecipient at any tier) must comply with DOJ's Global Justice Information Sharing Initiative (DOJ's Global) guidelines and recommendations for this particular award. The recipient shall conform to the Global Standards Package (GSP) and all constituent elements, where applicable, as described at: https://it.ojp.gov/gsp_grantcondition. The recipient shall document planned approaches to information sharing and describe compliance to the GSP and appropriate privacy policy that protects shared information, or provide detailed justification for why an alternative approach is recommended.

29. Avoidance of duplication of networks

To avoid duplicating existing networks or IT systems in any initiatives funded by BJA for law enforcement information sharing systems which involve interstate connectivity between jurisdictions, such systems shall employ, to the extent possible, existing networks as the communication backbone to achieve interstate connectivity, unless the recipient can demonstrate to the satisfaction of BJA that this requirement would not be cost effective or would impair the functionality of an existing or proposed IT system.

30. Compliance with 28 C.F.R. Part 23

With respect to any information technology system funded or supported by funds under this award, the recipient (and any subrecipient at any tier) must comply with 28 C.F.R. Part 23, Criminal Intelligence Systems Operating Policies, if OJP determines this regulation to be applicable. Should OJP determine 28 C.F.R. Part 23 to be applicable, OJP may, at its discretion, perform audits of the system, as per the regulation. Should any violation of 28 C.F.R. Part 23 occur, the recipient may be fined as per 42 U.S.C. 3789g(c)-(d). The recipient may not satisfy such a fine with federal funds.

31. Protection of human research subjects

The recipient (and any subrecipient at any tier) must comply with the requirements of 28 C.F.R. Part 46 and all OJP policies and procedures regarding the protection of human research subjects, including obtainment of Institutional Review Board approval, if appropriate, and subject informed consent.

32. Confidentiality of data

The recipient (and any subrecipient at any tier) must comply with all confidentiality requirements of 42 U.S.C. 3789g and 28 C.F.R. Part 22 that are applicable to collection, use, and revelation of data or information. The recipient further agrees, as a condition of award approval, to submit a Privacy Certificate that is in accord with requirements of 28 C.F.R. Part 22 and, in particular, 28 C.F.R. 22.23.



U.S. Department of Justice

Office of Justice Programs

**Bureau of Justice Assistance**

**AWARD CONTINUATION SHEET**

**Grant**

PAGE 11 OF 20

| PROJECT NUMBER | 2017-DJ-BX-0002 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

33. Verification and updating of recipient contact information

The recipient must verify its Point of Contact(POC), Financial Point of Contact (FPOC), and Authorized Representative contact information in GMS, including telephone number and e-mail address. If any information is incorrect or has changed, a Grant Adjustment Notice (GAN) must be submitted via the Grants Management System (GMS) to document changes.

34. Law enforcement task forces - required training

Within 120 days of award acceptance, each current member of a law enforcement task force funded with award funds who is a task force commander, agency executive, task force officer, or other task force member of equivalent rank, must complete required online (internet-based) task force training. Additionally, all future task force members must complete this training once during the period of performance for this award, or once every four years if multiple OJP awards include this requirement.

The required training is available free of charge online through the BJA-funded Center for Task Force Integrity and Leadership (www.ctfli.org). The training addresses task force effectiveness, as well as other key issues including privacy and civil liberties/rights, task force performance measurement, personnel selection, and task force oversight and accountability. If award funds are used to support a task force, the recipient must compile and maintain a task force personnel roster, along with course completion certificates.

Additional information regarding the training is available through BJA's web site and the Center for Task Force Integrity and Leadership (www.ctfli.org).

35. Required attendance at BJA-sponsored events

The recipient (and its subrecipients at any tier) must participate in BJA-sponsored training events, technical assistance events, or conferences held by BJA or its designees, upon BJA's request.

36. Justification of consultant rate

Approval of this award does not indicate approval of any consultant rate in excess of $650 per day. A detailed justification must be submitted to and approved by the OJP program office prior to obligation or expenditure of such funds.



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET
Grant**

PAGE 12 OF 20

| PROJECT NUMBER | 2017-DJ-BX-0002 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

37. Compliance with National Environmental Policy Act and related statutes

Upon request, the recipient (and any subrecipient at any tier) must assist BJA in complying with the National Environmental Policy Act (NEPA), the National Historic Preservation Act, and other related federal environmental impact analyses requirements in the use of these award funds, either directly by the recipient or by a subrecipient. Accordingly, the recipient agrees to first determine if any of the following activities will be funded by the grant, prior to obligating funds for any of these purposes. If it is determined that any of the following activities will be funded by the award, the recipient agrees to contact BJA.

The recipient understands that this condition applies to new activities as set out below, whether or not they are being specifically funded with these award funds. That is, as long as the activity is being conducted by the recipient, a subrecipient, or any third party, and the activity needs to be undertaken in order to use these award funds, this condition must first be met. The activities covered by this condition are:

a. New construction;

b. Minor renovation or remodeling of a property located in an environmentally or historically sensitive area, including properties located within a 100-year flood plain, a wetland, or habitat for endangered species, or a property listed on or eligible for listing on the National Register of Historic Places;

c. A renovation, lease, or any proposed use of a building or facility that will either (a) result in a change in its basic prior use or (b) significantly change its size;

d. Implementation of a new program involving the use of chemicals other than chemicals that are (a) purchased as an incidental component of a funded activity and (b) traditionally used, for example, in office, household, recreational, or education environments; and

e. Implementation of a program relating to clandestine methamphetamine laboratory operations, including the identification, seizure, or closure of clandestine methamphetamine laboratories.

The recipient understands and agrees that complying with NEPA may require the preparation of an Environmental Assessment and/or an Environmental Impact Statement, as directed by BJA. The recipient further understands and agrees to the requirements for implementation of a Mitigation Plan, as detailed at https://bja.gov/Funding/nepa html, for programs relating to methamphetamine laboratory operations.

Application of This Condition to Recipient's Existing Programs or Activities: For any of the recipient's or its subrecipients' existing programs or activities that will be funded by these award funds, the recipient, upon specific request from BJA, agrees to cooperate with BJA in any preparation by BJA of a national or program environmental assessment of that funded program or activity.

38. Establishment of trust fund

If award funds are being drawn down in advance, the recipient (or a subrecipient, with respect to a subaward) is required to establish a trust fund account. (The trust fund may or may not be an interest-bearing account.) The fund, including any interest, may not be used to pay debts or expenses incurred by other activities beyond the scope of the Edward Byrne Memorial Justice Assistance Grant Program (JAG). The recipient also agrees to obligate the award funds in the trust fund (including any interest earned) during the period of performance for the award and expend within 90 days thereafter. Any unobligated or unexpended funds, including interest earned, must be returned to OJP at the time of closeout.



| | U.S. Department of Justice | **AWARD CONTINUATION SHEET** | |
|---|---|---|---|
| | Office of Justice Programs | | PAGE 13 OF 20 |
| | **Bureau of Justice Assistance** | **Grant** | |

| PROJECT NUMBER | 2017-DJ-BX-0002 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

39.  Prohibition on use of award funds for match under BVP program

JAG funds may be used to purchase vests for an agency, but they may not be used as the 50% match for purposes of the DOJ Bulletproof Vest Partnership (BVP) program.

40.  Certification of body armor "mandatory wear" policies

The recipient agrees to submit a signed certification that all law enforcement agencies receiving body armor purchased with funds from this award have a written "mandatory wear" policy in effect. The recipient must keep signed certifications on file for any subrecipients planning to utilize funds from this award for ballistic-resistant and stab-resistant body armor purchases. This policy must be in place for at least all uniformed officers before any funds from this award may be used by an agency for body armor. There are no requirements regarding the nature of the policy other than it be a mandatory wear policy for all uniformed officers while on duty.

41.  Body armor - compliance with NIJ standards

Ballistic-resistant and stab-resistant body armor purchased with JAG award funds may be purchased at any threat level, make or model, from any distributor or manufacturer, as long as the body armor has been tested and found to comply with applicable National Institute of Justice ballistic or stab standards and is listed on the NIJ Compliant Body Armor Model List (https://nij.gov/). In addition, ballistic-resistant and stab-resistant body armor purchased must be American-made. The latest NIJ standard information can be found here: https://nij.gov/topics/technology/body-armor/pages/safety-initiative.aspx.

42.  Required monitoring of subawards

The recipient must monitor subawards under this JAG award in accordance with all applicable statutes, regulations, award conditions, and the DOJ Grants Financial Guide, and must include the applicable conditions of this award in any subaward. Among other things, the recipient is responsible for oversight of subrecipient spending and monitoring of specific outcomes and benefits attributable to use of award funds by subrecipients. The recipient agrees to submit, upon request, documentation of its policies and procedures for monitoring of subawards under this award.

43.  Reporting requirements

The recipient must submit quarterly Federal Financial Reports (SF-425) and semi-annual performance reports through OJP's GMS (https://grants.ojp.usdoj.gov). Consistent with the Department's responsibilities under the Government Performance and Results Act (GPRA) and the GPRA Modernization Act of 2010, the recipient must provide data that measure the results of its work. The recipient must submit quarterly performance metrics reports through BJA's Performance Measurement Tool (PMT) website (www.bjaperformancetools.org). For more detailed information on reporting and other JAG requirements, refer to the JAG reporting requirements webpage. Failure to submit required JAG reports by established deadlines may result in the freezing of grant funds and future High Risk designation.

44.  Required data on law enforcement agency training

Any law enforcement agency receiving direct or sub-awarded funding from this JAG award must submit quarterly accountability metrics data related to training that officers have received on the use of force, racial and ethnic bias, de-escalation of conflict, and constructive engagement with the public.



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET
Grant**

PAGE  14  OF  20

| PROJECT NUMBER | 2017-DJ-BX-0002 | AWARD DATE | 08/23/2017 |
| --- | --- | --- | --- |

*SPECIAL CONDITIONS*

45.  Prohibited Expenditures List

Award funds may not be used for items that are listed on the Prohibited Expenditure List at the time of purchase or acquisition, including as the list may be amended from time to time. The Prohibited Expenditure List may be accessed here: https://www.bja.gov/funding/JAGControlledPurchaseList.pdf

46.  Controlled expenditures - prior written approval required

Award funds may not be used for items that are listed on the Controlled Expenditure List at the time of purchase or acquisition, including as the list may be amended from time to time, without explicit written prior approval from BJA. The Controlled Expenditure List, and instructions on how to request approval for purchase or acquisitions are set out at https://www.bja.gov/funding/JAGControlledPurchaseList.pdf

47.  Controlled expenditures - incident reporting

If an agency uses award funds to purchase or acquire any item on the Controlled Expenditure List at the time of purchase or acquisition, including as the list may be amended from time to time, the agency must collect and retain (for at least 3 years) certain information about the use of-- (1) any federally-acquired Controlled Equipment in the agency's inventory, and (2) any other controlled equipment in the same category as the federally-acquired controlled equipment in the agency's inventory, regardless of source; and the agency must make that information available to BJA upon request. Details about what information must be collected and retained are set out at https://ojp.gov/docs/LE-Equipment-WG-Final-Report.pdf.

48.  Sale of items on Controlled Expenditure List

Notwithstanding the provision of the Part 200 Uniform Requirements set out at 2 C.F.R. 200.313, no equipment listed on the Controlled Expenditure List that is purchased with award funds may be transferred or sold to a third party, except as described below:

a.  Agencies may transfer or sell any controlled equipment, except riot helmets and riot shields, to a Law Enforcement Agency (LEA) after obtaining prior written approval from BJA. As a condition of that approval, the acquiring LEA will be required to submit information and certifications to BJA as if it were requesting approval to use award funds for the initial purchase of items on the Controlled Expenditure List.

b.  Agencies may not transfer or sell any riot helmets or riot shields purchased under this award.

c.  Agencies may not transfer or sell any Controlled Equipment purchased under this award to non-LEAs, with the exception of fixed wing aircraft, rotary wing aircraft, and command and control vehicles. Before any such transfer or sale is finalized, the agency must obtain prior written approval from BJA. All law enforcement-related and other sensitive or potentially dangerous components, and all law enforcement insignias and identifying markings must be removed prior to transfer or sale.

The recipient must notify BJA prior to the disposal of any items on the Controlled Expenditure List purchased with award funds, and must abide by any applicable laws (including regulations) in such disposal.

49.  Prohibited or controlled expenditures - Effect of failure to comply

Failure to comply with an award condition related to prohibited or controlled expenditures may result in denial of any further approvals of controlled expenditures under this or other federal awards.

OJP FORM 4000/2 (REV  4-88)



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET
Grant**

PAGE  15  OF  20

| PROJECT NUMBER | 2017-DJ-BX-0002 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

50.  Controlled expenditures - Standards

Consistent with recommendation 2.1 of Executive Order 13688, a law enforcement agency that acquires controlled equipment with award funds must adopt robust and specific written policies and protocols governing General Policing Standards and Specific Controlled Equipment Standards. General Policing Standards includes policies on (a) Community Policing; (b) Constitutional Policing; and (c) Community Input and Impact Considerations. Specific Controlled Equipment Standards includes policies specifically related to (a) Appropriate Use of Controlled Equipment; (b) Supervision of Use; (c) Effectiveness Evaluation; (d) Auditing and Accountability; and (e) Transparency and Notice Considerations. Upon OJP's request, the recipient must provide a copy of the General Policing Standards and Specific Controlled Equipment Standards, and any related policies and protocols.

51.  Authorization to obligate (federal) award funds to reimburse certain project costs incurred on or after October 1, 2016

The recipient may obligate (federal) award funds only after the recipient makes a valid acceptance of the award.  As of the first day of the period of performance for the award (October 1, 2016), however, the recipient may choose to incur project costs using non-federal funds, but any such project costs are incurred at the recipient's risk until, at a minimum-- (1) the recipient makes a valid acceptance of the award, and (2) all applicable withholding conditions are removed by OJP (via a Grant Adjustment Notice).  (A withholding condition is a condition in the award document that precludes the recipient from obligating, expending, or drawing down all or a portion of the award funds until the condition is removed.)

Except to the extent (if any) that an award condition expressly precludes reimbursement of project costs incurred "at-risk," if and when the recipient makes a valid acceptance of this award and OJP removes each applicable withholding condition through a Grant Adjustment Notice, the recipient is authorized to obligate (federal) award funds to reimburse itself for project costs incurred "at-risk" earlier during the period of performance (such as project costs incurred prior to award acceptance or prior to removal of an applicable withholding condition), provided that those project costs otherwise are allowable costs under the award.

Nothing in this condition shall be understood to authorize the recipient (or any subrecipient at any tier) to use award funds to "supplant" State or local funds in violation of the recipient's certification (executed by the chief executive of the State or local government) that federal funds will be used to increase the amounts of such funds that would, in the absence of federal funds, be made available for law enforcement activities.

52.  "Certification of Compliance with 8 U.S.C. 1373" required for valid award acceptance by a unit of local government

In order validly to accept this award, the applicant local government must submit the required "Certification of Compliance with 8 U.S.C. 1373" (executed by the chief legal officer of the local government).  Unless that executed certification either-- (1) is submitted to OJP together with the fully-executed award document, or (2) is uploaded in OJP's GMS no later than the day the signed award document is submitted to OJP, any submission by a unit of local government that purports to accept the award is invalid.

If an initial award-acceptance submission by the recipient is invalid, once the unit of local government does submit the necessary certification regarding 8 U.S.C. 1373, it may submit a fully-executed award document executed by the unit of local government on or after the date of that certification.

For purposes of this condition, "local government" does not include any Indian tribes.

OJP FORM 4000/2 (REV  4-88)



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION SHEET**

**Grant**

PAGE 16 OF 20

| PROJECT NUMBER | 2017-DJ-BX-0002 | AWARD DATE | 08/23/2017 |

*SPECIAL CONDITIONS*

53. Ongoing compliance with 8 U.S.C. 1373 is required

1. With respect to the "program or activity" funded in whole or part under this award (including any such "program or activity" of any subrecipient at any tier), throughout the period of performance for the award, no State or local government entity, -agency, or -official may prohibit or in any way restrict-- (1) any government entity or -official from sending or receiving information regarding citizenship or immigration status as described in 8 U.S.C. 1373(a); or (2) a government entity or -agency from sending, requesting or receiving, maintaining, or exchanging information regarding immigration status as described in 8 U.S.C. 1373(b). For purposes of this award, any prohibition (or restriction) that violates this condition is an "information-communication restriction."

2. Certifications from subrecipients. The recipient may not make a subaward to a State or local government or a "public" institution of higher education, unless it first obtains a certification of compliance with 8 U.S.C. 1373, properly executed by the chief legal officer of the jurisdiction or institution that would receive the subaward, using the appropriate form available at https://ojp.gov/funding/Explore/SampleCertifications-8USC1373 htm. Similarly, the recipient must require that no subrecipient (at any tier) may make a further subaward to a State or local government or a "public" institution of higher education, unless it first obtains a certification of compliance with 8 U.S.C. 1373, properly executed by the chief legal officer of the jurisdiction or institution that would receive the further subaward, using the appropriate OJP form.

3. The recipient's monitoring responsibilities include monitoring of subrecipient compliance with the requirements of this condition.

4. Allowable costs. Compliance with these requirements is an authorized and priority purpose of this award. To the extent that such costs are not reimbursed under any other federal program, award funds may be obligated (including for authorized reimbursements) for the reasonable, necessary, and allocable costs (if any) that the recipient, or any subrecipient at any tier that is a State or local government or a "public" institution of higher education, incurs to implement this condition.

5. Rules of Construction

A. For purposes of this condition:

(1) "State" and "local government" include any agency or other entity thereof, but not any institution of higher education or any Indian tribe.

(2) A "public" institution of higher education is one that is owned, controlled, or directly funded by a State or local government.

(3) "Program or activity" means what it means under title VI of the Civil Rights Act of 1964 (see 42 U.S.C. 2000d-4a).

(4) "Immigration status" means what it means for purposes of 8 U.S.C. 1373 (Illegal Immigration Reform and Immigrant Responsibility Act of 1996); and terms that are defined in 8 U.S.C. 1101 (Immigration and Nationality Act) mean what they mean under that section 1101, except that the term "State" also shall include American Samoa (cf. 42 U.S.C. 901(a)(2)).

(5) Pursuant to the provisions set out at (or referenced in) 8 U.S.C. 1551 note ("Abolition … and Transfer of Functions"), references to the "Immigration and Naturalization Service" in 8 U.S.C. 1373 are to be read as references to particular components of the Department of Homeland Security (DHS).

B. Nothing in this condition shall be understood to authorize or require any recipient, any subrecipient at any tier, any State or local government, any "public" institution of higher education, or any other entity (or individual) to violate any federal law, including any applicable civil rights or nondiscrimination law.



| U.S. Department of Justice Office of Justice Programs **Bureau of Justice Assistance** | **AWARD CONTINUATION SHEET** **Grant** | PAGE 17 OF 20 |
|---|---|---|

| PROJECT NUMBER | 2017-DJ-BX-0002 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

IMPORTANT NOTE:  Any questions about the meaning or scope of this condition should be directed to OJP, before award acceptance.

54.  Authority to obligate award funds contingent on compliance with 8 U.S.C. 1373; unallowable costs; obligation to notify

1.  If the recipient is a State or local government--

A.  The recipient may not obligate award funds if, at the time of the obligation, the "program or activity" of the recipient (or of any subrecipient at any tier that is a either a State or unit of local government or a "public" institution of higher education) that is funded in whole or in part with award funds is subject to any "information-communication restriction."

B.  In addition, with respect to any project costs it incurs "at risk," the recipient may not obligate award funds to reimburse itself if -- at the time it incurs such costs -- the "program or activity" of the recipient (or of any subrecipient at any tier that is a either a State or unit of local government or a "public" institution of higher education) that would be reimbursed in whole or in part with award funds was subject to any "information-communication restriction."

C.  Any drawdown of award funds by the recipient shall be considered, for all purposes, to be a material representation by the recipient to OJP that, as of the date the recipient requests the drawdown, the recipient and all subrecipients (regardless of tier) are in compliance with 8 U.S.C. 1373.

D.  The recipient must promptly notify OJP (in writing) if the recipient, from its requisite monitoring of compliance with award conditions or otherwise, has credible evidence that indicates that the funded "program or activity" of the recipient, or of any subrecipient at any tier that is either a State or a local government or a "public" institution of higher education, may be subject to any "information-communication restriction." In addition, any subaward (at any tier) to a subrecipient that is either a State or a local government or a "public" institution of higher education must require prompt notification to the entity that made the subaward, should the subrecipient such credible evidence regarding an "information-communication restriction."

2.  Any subaward (at any tier) to a subrecipient that is either a State or a local government or a "public" institution of higher education must provide that the subrecipient may not obligate award funds if, at the time of the obligation, the "program or activity" of the subrecipient (or of any further such subrecipient at any tier) that is funded in whole or in part with award funds is subject to any "information-communication restriction."

3.  Absent an express written determination by DOJ to the contrary, based upon a finding by DOJ of compelling circumstances (e.g., a small amount of award funds obligated by the recipient at the time of a subrecipient's minor and transitory non-compliance, which was unknown to the recipient despite diligent monitoring), any obligations of award funds that, under this condition, may not be made shall be unallowable costs for purposes of this award.  In making any such determination, DOJ will give great weight to evidence submitted by the recipient that demonstrates diligent monitoring of subrecipient compliance with the requirements set out in the award condition entitled "Ongoing compliance with 8 U.S.C. 1373 is required."

4.  Rules of Construction

A.  For purposes of this condition "information-communication restriction" has the meaning set out in the award condition entitled "Ongoing compliance with 8 U.S.C. 1373 is required."

B.  Both the "Rules of Construction" and the "Important Note" set out in the award condition entitled "Ongoing compliance with 8 U.S.C. 1373 is required" are incorporated by reference as though set forth here in full.



| U.S. Department of Justice<br>Office of Justice Programs<br>**Bureau of Justice Assistance** | **AWARD CONTINUATION<br>SHEET**<br>**Grant** | PAGE 18 OF 20 |
|---|---|---|

| PROJECT NUMBER | 2017-DJ-BX-0002 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

55.   Required State-level rules or practices related to aliens; allowable costs

The following provisions apply to the recipient of this award, if the recipient is a State government, and also apply to any State-government subrecipient at any tier (whether or not the recipient is a State government).

1. Requirements

With respect to the "program or activity" that is funded (in whole or in part) by this award, as of the date the recipient accepts this award, and throughout the remainder of the period of performance for the award--

A. A State statute, or a State rule, -regulation, -policy, or -practice, must be in place that is designed to ensure that agents of the United States acting under color of federal law in fact are given to access any State (or State-contracted) correctional facility for the purpose of permitting such agents to meet with individuals who are (or are believed by such agents to be) aliens and to inquire as to such individuals' right to be or remain in the United States.

B. A State statute, or a State rule, -regulation, -policy, or -practice, must be in place that is designed to ensure that, when a State (or State-contracted) correctional facility receives from DHS a formal written request authorized by the Immigration and Nationality Act that seeks advance notice of the scheduled release date and time for a particular alien in such facility, then such facility will honor such request and -- as early as practicable (see para. 4.B. of this condition) -- provide the requested notice to DHS.

2. Monitoring

The recipient's monitoring responsibilities include monitoring of subrecipient compliance with the requirements of this condition.

3. Allowable costs

Compliance with these requirements is an authorized and priority purpose of this award. To the extent that such costs are not reimbursed under any other federal program, award funds may be obligated (including for authorized reimbursements) for the reasonable, necessary, and allocable costs (if any) of-- (1) developing and putting into place statutes, rules, regulations, policies, and practices to satisfy this condition, and (2) permitting access as described in para. 1.A. above, and (3) honoring any request from DHS that is encompassed by para. 1.B. above.

4. Rules of construction

A. For purposes of this condition--

(1) the term "alien" means what it means under section 101 of the Immigration and Nationality Act (see 8 U.S.C. 1101(a)(3)).

(2) the term "correctional facility" means what it means under the Title I of the Omnibus Crime Control and Safe Streets Act of 1968 (see 42 U.S.C. 3791(a)(7)).

B. Nothing in this condition shall be understood to authorize or require any recipient, any subrecipient at any tier, any State or local government, or any other entity or individual to maintain (or detain) any individual in custody beyond the date and time the individual would have been released in the absence of this condition.

Current DHS practice is ordinarily to request advance notice of scheduled release "as early as practicable (at least 48 hours, if possible)." (See DHS Form I-247A (3/17)). In the event that (e.g., in light of the date DHS made such request) the scheduled release date and time for an alien are such as not to permit the advance notice that DHS has requested, it shall not be a violation of this condition to provide only as much advance notice as practicable.



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET
Grant**

PAGE 19 OF 20

| PROJECT NUMBER | 2017-DJ-BX-0002 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

NOTE: Current DHS practice is to use one form (DHS Form I-247A (3/17)) for two distinct purposes -- to request advance notice of scheduled release, and to request that an individual be detained for up to 48 hours AFTER the scheduled release. This condition imposes NO requirements as to such DHS requests for detention.

C. Both the "Rules of Construction" and the "Important Note" set out in the award condition entitled "Ongoing compliance with 8 U.S.C. 1373 is required" are incorporated by reference as though set forth here in full.

56.　Required local-government-level rules or practices related to aliens; allowable costs

The following provisions apply to the recipient of this award, if the recipient is a unit of local government, and also apply to any local-government subrecipient of this award at any tier (whether or not the recipient itself is a unit of local government).

1.　Requirements

With respect to the "program or activity" that is funded (in whole or in part) by this award, as of the date the recipient accepts this award, and throughout the remainder of the period of performance for the award--

A.　A local ordinance, -rule, -regulation, -policy, or -practice (or an applicable State statute, -rule, -regulation, -policy, or -practice) must be in place that is designed to ensure that agents of the United States acting under color of federal law in fact are given access a local-government (or local-government-contracted) correctional facility for the purpose of permitting such agents to meet with individuals who are (or are believed by such agents to be) aliens and to inquire as to such individuals' right to be or remain in the United States.

B.　A local ordinance, -rule, -regulation, -policy, or -practice (or an applicable State statute, -rule, -regulation, -policy, or -practice) must be in place that is designed to ensure that, when a local-government (or local-government-contracted) correctional facility receives from DHS a formal written request authorized by the Immigration and Nationality Act that seeks advance notice of the scheduled release date and time for a particular alien in such facility, then such facility will honor such request and -- as early as practicable (see "Rules of Construction" incorporated by para. 4.B. of this condition) -- provide the requested notice to DHS.

2.　Monitoring

The recipient's monitoring responsibilities include monitoring of subrecipient compliance with the requirements of this condition.

3.　Allowable costs

Compliance with these requirements is an authorized and priority purpose of this award.  To the extent that such costs are not reimbursed under any other federal program, award funds may be obligated (including for authorized reimbursements) for the reasonable, necessary, and allocable costs (if any) of-- (1) developing and putting into place statutes, ordinances, rules, regulations, policies, and practices to satisfy this condition, (2) permitting access as described in para. 1.A. above, and (3) honoring any request from DHS that is encompassed by para. 1.B. above.

4.　Rules of construction

A.　The "Rules of Construction" and the "Important Note" set out in the award condition entitled "Ongoing compliance with 8 U.S.C. 1373 is required" are incorporated by reference as though set forth here in full.

B.　The "Rules of Construction" set out in the award condition entitled "Required State-level rules or practices related to aliens; allowable costs" are incorporated by reference as though set forth here in full.

OJP FORM 4000/2 (REV  4-88)



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET**

**Grant**

PAGE 20 OF 20

| PROJECT NUMBER | 2017-DJ-BX-0002 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

57. Use of funds for DNA testing; upload of DNA profiles

If award funds are used for DNA testing of evidentiary materials, any resulting eligible DNA profiles must be uploaded to the Combined DNA Index System ("CODIS," the DNA database operated by the FBI) by a government DNA laboratory with access to CODIS.

No profiles generated under this award may be entered or uploaded into any non-governmental DNA database without prior express written approval from BJA.

Award funds may not be used for the purchase of DNA equipment and supplies unless the resulting DNA profiles may be accepted for entry into CODIS.

58. Encouragement of submission of "success stories"

BJA strongly encourages the recipient to submit annual (or more frequent) JAG success stories. To submit a success story, sign in to a My BJA account at https://www.bja.gov/Login.aspx to access the Success Story Submission form. If the recipient does not yet have a My BJA account, please register at https://www.bja.gov/profile.aspx. Once registered, one of the available areas on the My BJA page will be "My Success Stories." Within this box, there is an option to add a Success Story. Once reviewed and approved by BJA, all success stories will appear on the BJA Success Story web page at https://www.bja.gov/SuccessStoryList.aspx.

# Exhibit B*

\* In the document that follows, on the page labeled "1 of 20," information in the original document has been redacted in fields 2a ("GRANTEE IRS/VENDOR NO") and 2b ("GRANTEE DUNS NO").

| | U.S. Department of Justice<br>Office of Justice Programs<br>**Bureau of Justice Assistance** | **Grant** | PAGE 1 OF 20 |
|---|---|---|---|

| 1 RECIPIENT NAME AND ADDRESS (Including Zip Code)<br><br>City of Binghamton<br>38 Hawley Street<br>Binghamton, NY 13901-3777 | 4 AWARD NUMBER: 2017-DJ-BX-0001 |
|---|---|
| | 5 PROJECT PERIOD: FROM 10/01/2016 TO 09/30/2018<br><br> BUDGET PERIOD: FROM 10/01/2016 TO 09/30/2018 |
| | 6 AWARD DATE 08/23/2017    7 ACTION |
| 2a GRANTEE IRS/VENDOR NO<br>[REDACTED] | 8 SUPPLEMENT NUMBER<br>00      Initial |
| 2b GRANTEE DUNS NO<br>[REDACTED] | 9 PREVIOUS AWARD AMOUNT      $ 0 |
| 3 PROJECT TITLE<br>BJA FY 2017 Edward Byrne Memorial Assistance Grant JAG (Parks) | 10 AMOUNT OF THIS AWARD      $ 24,259 |
| | 11 TOTAL AWARD      $ 24,259 |

| 12 SPECIAL CONDITIONS |
|---|
| THE ABOVE GRANT PROJECT IS APPROVED SUBJECT TO SUCH CONDITIONS OR LIMITATIONS AS ARE SET FORTH<br>ON THE ATTACHED PAGE(S) |

| 13 STATUTORY AUTHORITY FOR GRANT |
|---|
| This project is supported under FY17(BJA - JAG State and JAG Local) Title I of Pub L No 90-351 (generally codified at 42 U S C 3711 - 3797ff-5),<br>including subpart 1 of part E (codified at 42 U S C 3750 - 3758); see also 28 U S C 530C(a) |

| 14 CATALOG OF DOMESTIC FEDERAL ASSISTANCE (CFDA Number) |
|---|
| 16 738 - Edward Byrne Memorial Justice Assistance Grant Program |

| 15 METHOD OF PAYMENT |
|---|
| GPRS |

| AGENCY APPROVAL | GRANTEE ACCEPTANCE |
|---|---|
| 16 TYPED NAME AND TITLE OF APPROVING OFFICIAL<br><br>Alan R Hanson<br><br>Acting Assistant Attorney General | 18 TYPED NAME AND TITLE OF AUTHORIZED GRANTEE OFFICIAL<br><br>Richard C David<br>Mayor |
| 17 SIGNATURE OF APPROVING OFFICIAL<br><br>*Alan R. Hanson* | 19 SIGNATURE OF AUTHORIZED RECIPIENT OFFICIAL    19A DATE |

| AGENCY USE ONLY |
|---|

| 20 ACCOUNTING CLASSIFICATION CODES | 21 SDJUGT0338 |
|---|---|

| FISCAL<br>YEAR | FUND<br>CODE | BUD<br>ACT | OFC | DIV<br>REG | SUB | POMS | AMOUNT |
|---|---|---|---|---|---|---|---|
| X | B | DJ | 80 | 00 | 00 | | 24259 |

OJP FORM 4000/2 (REV 5-87) PREVIOUS EDITIONS ARE OBSOLETE

OJP FORM 4000/2 (REV 4-88)



| U.S. Department of Justice<br>Office of Justice Programs<br>**Bureau of Justice Assistance** | **AWARD CONTINUATION SHEET**<br>**Grant** | PAGE 2 OF 20 |
|---|---|---|

| PROJECT NUMBER | 2017-DJ-BX-0001 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

1. Requirements of the award; remedies for non-compliance or for materially false statements

   The conditions of this award are material requirements of the award. Compliance with any certifications or assurances submitted by or on behalf of the recipient that relate to conduct during the period of performance also is a material requirement of this award.

   Failure to comply with any one or more of these award requirements -- whether a condition set out in full below, a condition incorporated by reference below, or a certification or assurance related to conduct during the award period -- may result in the Office of Justice Programs ("OJP") taking appropriate action with respect to the recipient and the award. Among other things, the OJP may withhold award funds, disallow costs, or suspend or terminate the award. The Department of Justice ("DOJ"), including OJP, also may take other legal action as appropriate.

   Any materially false, fictitious, or fraudulent statement to the federal government related to this award (or concealment or omission of a material fact) may be the subject of criminal prosecution (including under 18 U.S.C. 1001 and/or 1621, and/or 42 U.S.C. 3795a), and also may lead to imposition of civil penalties and administrative remedies for false claims or otherwise (including under 31 U.S.C. 3729-3730 and 3801-3812).

   Should any provision of a requirement of this award be held to be invalid or unenforceable by its terms, that provision shall first be applied with a limited construction so as to give it the maximum effect permitted by law. Should it be held, instead, that the provision is utterly invalid or -unenforceable, such provision shall be deemed severable from this award.

2. Applicability of Part 200 Uniform Requirements

   The Uniform Administrative Requirements, Cost Principles, and Audit Requirements in 2 C.F.R. Part 200, as adopted and supplemented by DOJ in 2 C.F.R. Part 2800 (together, the "Part 200 Uniform Requirements") apply to this FY 2017 award from OJP.

   The Part 200 Uniform Requirements were first adopted by DOJ on December 26, 2014. If this FY 2017 award supplements funds previously awarded by OJP under the same award number (e.g., funds awarded during or before December 2014), the Part 200 Uniform Requirements apply with respect to all funds under that award number (regardless of the award date, and regardless of whether derived from the initial award or a supplemental award) that are obligated on or after the acceptance date of this FY 2017 award.

   For more information and resources on the Part 200 Uniform Requirements as they relate to OJP awards and subawards ("subgrants"), see the OJP website at https://ojp.gov/funding/Part200UniformRequirements htm.

   In the event that an award-related question arises from documents or other materials prepared or distributed by OJP that may appear to conflict with, or differ in some way from, the provisions of the Part 200 Uniform Requirements, the recipient is to contact OJP promptly for clarification.

3. Compliance with DOJ Grants Financial Guide

   The recipient agrees to comply with the DOJ Grants Financial Guide as posted on the OJP website (currently, the "2015 DOJ Grants Financial Guide" available at https://ojp.gov/financialguide/DOJ/index htm), including any updated version that may be posted during the period of performance.



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET
Grant**

PAGE   3   OF   20

| PROJECT NUMBER | 2017-DJ-BX-0001 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

4.   Required training for Point of Contact and all Financial Points of Contact

Both the Point of Contact (POC) and all Financial Points of Contact (FPOCs) for this award must have successfully completed an "OJP financial management and grant administration training" by 120 days after the date of the recipient's acceptance of the award.  Successful completion of such a training on or after January 1, 2015, will satisfy this condition.

In the event that either the POC or an FPOC for this award changes during the period of performance, the new POC or FPOC must have successfully completed an "OJP financial management and grant administration training" by 120 calendar days after-- (1) the date of OJP's approval of the "Change Grantee Contact" GAN (in the case of a new POC), or (2) the date the POC enters information on the new FPOC in GMS (in the case of a new FPOC).  Successful completion of such a training on or after January 1, 2015, will satisfy this condition.

A list of OJP trainings that OJP will consider "OJP financial management and grant administration training" for purposes of this condition is available at https://www.ojp.gov/training/fmts htm.  All trainings that satisfy this condition include a session on grant fraud prevention and detection.

The recipient should anticipate that OJP will immediately withhold ("freeze") award funds if the recipient fails to comply with this condition.  The recipient's failure to comply also may lead OJP to impose additional appropriate conditions on this award.

5.   Requirements related to "de minimis" indirect cost rate

A recipient that is eligible under the Part 200 Uniform Requirements and other applicable law to use the "de minimis" indirect cost rate described in 2 C.F.R. 200.414(f), and that elects to use the "de minimis" indirect cost rate, must advise OJP in writing of both its eligibility and its election, and must comply with all associated requirements in the Part 200 Uniform Requirements.  The "de minimis" rate may be applied only to modified total direct costs (MTDC) as defined by the Part 200 Uniform Requirements.

6.   Requirement to report potentially duplicative funding

If the recipient currently has other active awards of federal funds, or if the recipient receives any other award of federal funds during the period of performance for this award, the recipient promptly must determine whether funds from any of those other federal awards have been, are being, or are to be used (in whole or in part) for one or more of the identical cost items for which funds are provided under this award.  If so, the recipient must promptly notify the DOJ awarding agency (OJP or OVW, as appropriate) in writing of the potential duplication, and, if so requested by the DOJ awarding agency, must seek a budget-modification or change-of-project-scope grant adjustment notice (GAN) to eliminate any inappropriate duplication of funding.



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET
Grant**

PAGE  4  OF  20

| PROJECT NUMBER | 2017-DJ-BX-0001 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

7.  Requirements related to System for Award Management and Universal Identifier Requirements

The recipient must comply with applicable requirements regarding the System for Award Management (SAM), currently accessible at https://www.sam.gov/.  This includes applicable requirements regarding registration with SAM, as well as maintaining the currency of information in SAM.

The recipient also must comply with applicable restrictions on subawards ("subgrants") to first-tier subrecipients (first-tier "subgrantees"), including restrictions on subawards to entities that do not acquire and provide (to the recipient) the unique entity identifier required for SAM registration.

The details of the recipient's obligations related to SAM and to unique entity identifiers are posted on the OJP web site at https://ojp.gov/funding/Explore/SAM htm (Award condition:  System for Award Management (SAM) and Universal Identifier Requirements), and are incorporated by reference here.

This condition does not apply to an award to an individual who received the award as a natural person (i.e., unrelated to any business or non-profit organization that he or she may own or operate in his or her name).

8.  All subawards ("subgrants") must have specific federal authorization

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements for authorization of any subaward.  This condition applies to agreements that -- for purposes of federal grants administrative requirements -- OJP considers a "subaward" (and therefore does not consider a procurement "contract").

The details of the requirement for authorization of any subaward are posted on the OJP web site at https://ojp.gov/funding/Explore/SubawardAuthorization htm (Award condition:  All subawards ("subgrants") must have specific federal authorization), and are incorporated by reference here.

9.  Specific post-award approval required to use a noncompetitive approach in any procurement contract that would exceed $150,000

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements to obtain specific advance approval to use a noncompetitive approach in any procurement contract that would exceed the Simplified Acquisition Threshold (currently, $150,000).  This condition applies to agreements that -- for purposes of federal grants administrative requirements -- OJP considers a procurement "contract" (and therefore does not consider a subaward).

The details of the requirement for advance approval to use a noncompetitive approach in a procurement contract under an OJP award are posted on the OJP web site at https://ojp.gov/funding/Explore/NoncompetitiveProcurement htm (Award condition:  Specific post-award approval required to use a noncompetitive approach in a procurement contract (if contract would exceed $150,000)), and are incorporated by reference here.



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET
Grant**

PAGE 5 OF 20

| PROJECT NUMBER | 2017-DJ-BX-0001 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

10. Requirements pertaining to prohibited conduct related to trafficking in persons (including reporting requirements and OJP authority to terminate award)

   The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements (including requirements to report allegations) pertaining to prohibited conduct related to the trafficking of persons, whether on the part of recipients, subrecipients ("subgrantees"), or individuals defined (for purposes of this condition) as "employees" of the recipient or of any subrecipient.

   The details of the recipient's obligations related to prohibited conduct related to trafficking in persons are posted on the OJP web site at https://ojp.gov/funding/Explore/ProhibitedConduct-Trafficking htm (Award condition: Prohibited conduct by recipients and subrecipients related to trafficking in persons (including reporting requirements and OJP authority to terminate award)), and are incorporated by reference here.

11. Compliance with applicable rules regarding approval, planning, and reporting of conferences, meetings, trainings, and other events

   The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable laws, regulations, policies, and official DOJ guidance (including specific cost limits, prior approval and reporting requirements, where applicable) governing the use of federal funds for expenses related to conferences (as that term is defined by DOJ), including the provision of food and/or beverages at such conferences, and costs of attendance at such conferences.

   Information on the pertinent DOJ definition of conferences and the rules applicable to this award appears in the DOJ Grants Financial Guide (currently, as section 3.10 of "Postaward Requirements" in the "2015 DOJ Grants Financial Guide").

12. Requirement for data on performance and effectiveness under the award

   The recipient must collect and maintain data that measure the performance and effectiveness of work under this award. The data must be provided to OJP in the manner (including within the timeframes) specified by OJP in the program solicitation or other applicable written guidance. Data collection supports compliance with the Government Performance and Results Act (GPRA) and the GPRA Modernization Act of 2010, and other applicable laws.

13. OJP Training Guiding Principles

   Any training or training materials that the recipient -- or any subrecipient ("subgrantee") at any tier -- develops or delivers with OJP award funds must adhere to the OJP Training Guiding Principles for Grantees and Subgrantees, available at https://ojp.gov/funding/ojptrainingguidingprinciples htm.

14. Effect of failure to address audit issues

   The recipient understands and agrees that the DOJ awarding agency (OJP or OVW, as appropriate) may withhold award funds, or may impose other related requirements, if (as determined by the DOJ awarding agency) the recipient does not satisfactorily and promptly address outstanding issues from audits required by the Part 200 Uniform Requirements (or by the terms of this award), or other outstanding issues that arise in connection with audits, investigations, or reviews of DOJ awards.

15. Potential imposition of additional requirements

   The recipient agrees to comply with any additional requirements that may be imposed by the DOJ awarding agency (OJP or OVW, as appropriate) during the period of performance for this award, if the recipient is designated as "high-risk" for purposes of the DOJ high-risk grantee list.



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET
Grant**

PAGE 6 OF 20

| PROJECT NUMBER | 2017-DJ-BX-0001 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

16. Compliance with DOJ regulations pertaining to civil rights and nondiscrimination - 28 C.F.R. Part 42

   The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements of 28 C.F.R. Part 42, specifically including any applicable requirements in Subpart E of 28 C.F.R. Part 42 that relate to an equal employment opportunity program.

17. Compliance with DOJ regulations pertaining to civil rights and nondiscrimination - 28 C.F.R. Part 54

   The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements of 28 C.F.R. Part 54, which relates to nondiscrimination on the basis of sex in certain "education programs."

18. Compliance with DOJ regulations pertaining to civil rights and nondiscrimination - 28 C.F.R. Part 38

   The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements of 28 C.F.R. Part 38, specifically including any applicable requirements regarding written notice to program beneficiaries and prospective program beneficiaries. Part 38 of 28 C.F.R., a DOJ regulation, was amended effective May 4, 2016.

   Among other things, 28 C.F.R. Part 38 includes rules that prohibit specific forms of discrimination on the basis of religion, a religious belief, a refusal to hold a religious belief, or refusal to attend or participate in a religious practice. Part 38 also sets out rules and requirements that pertain to recipient and subrecipient ("subgrantee") organizations that engage in or conduct explicitly religious activities, as well as rules and requirements that pertain to recipients and subrecipients that are faith-based or religious organizations.

   The text of the regulation, now entitled "Partnerships with Faith-Based and Other Neighborhood Organizations," is available via the Electronic Code of Federal Regulations (currently accessible at https://www.ecfr.gov/cgi-bin/ECFR?page=browse), by browsing to Title 28-Judicial Administration, Chapter 1, Part 38, under e-CFR "current" data.

19. Restrictions on "lobbying"

   In general, as a matter of federal law, federal funds awarded by OJP may not be used by the recipient, or any subrecipient ("subgrantee") at any tier, either directly or indirectly, to support or oppose the enactment, repeal, modification, or adoption of any law, regulation, or policy, at any level of government. See 18 U.S.C. 1913. (There may be exceptions if an applicable federal statute specifically authorizes certain activities that otherwise would be barred by law.)

   Another federal law generally prohibits federal funds awarded by OJP from being used by the recipient, or any subrecipient at any tier, to pay any person to influence (or attempt to influence) a federal agency, a Member of Congress, or Congress (or an official or employee of any of them) with respect to the awarding of a federal grant or cooperative agreement, subgrant, contract, subcontract, or loan, or with respect to actions such as renewing, extending, or modifying any such award. See 31 U.S.C. 1352. Certain exceptions to this law apply, including an exception that applies to Indian tribes and tribal organizations.

   Should any question arise as to whether a particular use of federal funds by a recipient (or subrecipient) would or might fall within the scope of these prohibitions, the recipient is to contact OJP for guidance, and may not proceed without the express prior written approval of OJP.

OJP FORM 4000/2 (REV 4-88)



| U.S. Department of Justice<br>Office of Justice Programs<br>**Bureau of Justice Assistance** | **AWARD CONTINUATION SHEET**<br>**Grant** | PAGE 7 OF 20 |
|---|---|---|

| PROJECT NUMBER | 2017-DJ-BX-0001 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

20. Compliance with general appropriations-law restrictions on the use of federal funds (FY 2017)

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable restrictions on the use of federal funds set out in federal appropriations statutes. Pertinent restrictions, including from various "general provisions" in the Consolidated Appropriations Act, 2017, are set out at https://ojp.gov/funding/Explore/FY17AppropriationsRestrictions htm, and are incorporated by reference here.

Should a question arise as to whether a particular use of federal funds by a recipient (or a subrecipient) would or might fall within the scope of an appropriations-law restriction, the recipient is to contact OJP for guidance, and may not proceed without the express prior written approval of OJP.

21. Reporting potential fraud, waste, and abuse, and similar misconduct

The recipient, and any subrecipients ("subgrantees") at any tier, must promptly refer to the DOJ Office of the Inspector General (OIG) any credible evidence that a principal, employee, agent, subrecipient, contractor, subcontractor, or other person has, in connection with funds under this award-- (1) submitted a claim that violates the False Claims Act; or (2) committed a criminal or civil violation of laws pertaining to fraud, conflict of interest, bribery, gratuity, or similar misconduct.

Potential fraud, waste, abuse, or misconduct involving or relating to funds under this award should be reported to the OIG by-- (1) mail directed to: Office of the Inspector General, U.S. Department of Justice, Investigations Division, 950 Pennsylvania Avenue, N.W. Room 4706, Washington, DC 20530; (2) e-mail to: oig hotline@usdoj.gov; and/or (3) the DOJ OIG hotline: (contact information in English and Spanish) at (800) 869-4499 (phone) or (202) 616-9881 (fax).

Additional information is available from the DOJ OIG website at https://www.usdoj.gov/oig.



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET
Grant**

PAGE  8  OF  20

| PROJECT NUMBER | 2017-DJ-BX-0001 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

22.  Restrictions and certifications regarding non-disclosure agreements and related matters

No recipient or subrecipient ("subgrantee") under this award, or entity that receives a procurement contract or subcontract with any funds under this award, may require any employee or contractor to sign an internal confidentiality agreement or statement that prohibits or otherwise restricts, or purports to prohibit or restrict, the reporting (in accordance with law) of waste, fraud, or abuse to an investigative or law enforcement representative of a federal department or agency authorized to receive such information.

The foregoing is not intended, and shall not be understood by the agency making this award, to contravene requirements applicable to Standard Form 312 (which relates to classified information), Form 4414 (which relates to sensitive compartmented information), or any other form issued by a federal department or agency governing the nondisclosure of classified information.

1.  In accepting this award, the recipient--

a.  represents that it neither requires nor has required internal confidentiality agreements or statements from employees or contractors that currently prohibit or otherwise currently restrict (or purport to prohibit or restrict) employees or contractors from reporting waste, fraud, or abuse as described above; and

b.  certifies that, if it learns or is notified that it is or has been requiring its employees or contractors to execute agreements or statements that prohibit or otherwise restrict (or purport to prohibit or restrict), reporting of waste, fraud, or abuse as described above, it will immediately stop any further obligations of award funds, will provide prompt written notification to the federal agency making this award, and will resume (or permit resumption of) such obligations only if expressly authorized to do so by that agency.

2.  If the recipient does or is authorized under this award to make subawards ("subgrants"), procurement contracts, or both--

a.  it represents that--

(1)  it has determined that no other entity that the recipient's application proposes may or will receive award funds (whether through a subaward ("subgrant"), procurement contract, or subcontract under a procurement contract) either requires or has required internal confidentiality agreements or statements from employees or contractors that currently prohibit or otherwise currently restrict (or purport to prohibit or restrict) employees or contractors from reporting waste, fraud, or abuse as described above; and

(2)  it has made appropriate inquiry, or otherwise has an adequate factual basis, to support this representation; and

b.  it certifies that, if it learns or is notified that any subrecipient, contractor, or subcontractor entity that receives funds under this award is or has been requiring its employees or contractors to execute agreements or statements that prohibit or otherwise restrict (or purport to prohibit or restrict), reporting of waste, fraud, or abuse as described above, it will immediately stop any further obligations of award funds to or by that entity, will provide prompt written notification to the federal agency making this award, and will resume (or permit resumption of) such obligations only if expressly authorized to do so by that agency.



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET**

**Grant**

PAGE 9 OF 20

| PROJECT NUMBER | 2017-DJ-BX-0001 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

23. Compliance with 41 U.S.C. 4712 (including prohibitions on reprisal; notice to employees)

The recipient (and any subrecipient at any tier) must comply with, and is subject to, all applicable provisions of 41 U.S.C. 4712, including all applicable provisions that prohibit, under specified circumstances, discrimination against an employee as reprisal for the employee's disclosure of information related to gross mismanagement of a federal grant, a gross waste of federal funds, an abuse of authority relating to a federal grant, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a federal grant.

The recipient also must inform its employees, in writing (and in the predominant native language of the workforce), of employee rights and remedies under 41 U.S.C. 4712.

Should a question arise as to the applicability of the provisions of 41 U.S.C. 4712 to this award, the recipient is to contact the DOJ awarding agency (OJP or OVW, as appropriate) for guidance.

24. Encouragement of policies to ban text messaging while driving

Pursuant to Executive Order 13513, "Federal Leadership on Reducing Text Messaging While Driving," 74 Fed. Reg. 51225 (October 1, 2009), DOJ encourages recipients and subrecipients ("subgrantees") to adopt and enforce policies banning employees from text messaging while driving any vehicle during the course of performing work funded by this award, and to establish workplace safety policies and conduct education, awareness, and other outreach to decrease crashes caused by distracted drivers.

25. Cooperating with OJP Monitoring

The recipient agrees to cooperate with OJP monitoring of this award pursuant to OJP's guidelines, protocols, and procedures, and to cooperate with OJP (including the grant manager for this award and the Office of Chief Financial Officer (OCFO)) requests related to such monitoring, including requests related to desk reviews and/or site visits. The recipient agrees to provide to OJP all documentation necessary for OJP to complete its monitoring tasks, including documentation related to any subawards made under this award. Further, the recipient agrees to abide by reasonable deadlines set by OJP for providing the requested documents. Failure to cooperate with OJP's monitoring activities may result in actions that affect the recipient's DOJ awards, including, but not limited to: withholdings and/or other restrictions on the recipient's access to award funds; referral to the DOJ OIG for audit review; designation of the recipient as a DOJ High Risk grantee; or termination of an award(s).

26. FFATA reporting: Subawards and executive compensation

The recipient must comply with applicable requirements to report first-tier subawards ("subgrants") of $25,000 or more and, in certain circumstances, to report the names and total compensation of the five most highly compensated executives of the recipient and first-tier subrecipients (first-tier "subgrantees") of award funds. The details of recipient obligations, which derive from the Federal Funding Accountability and Transparency Act of 2006 (FFATA), are posted on the OJP web site at https://ojp.gov/funding/Explore/FFATA htm (Award condition: Reporting Subawards and Executive Compensation), and are incorporated by reference here.

This condition, including its reporting requirement, does not apply to-- (1) an award of less than $25,000, or (2) an award made to an individual who received the award as a natural person (i.e., unrelated to any business or non-profit organization that he or she may own or operate in his or her name).



| | | | |
|---|---|---|---|
| U.S. Department of Justice<br>Office of Justice Programs<br>**Bureau of Justice Assistance** | **AWARD CONTINUATION<br>SHEET**<br>**Grant** | | PAGE  10  OF  20 |

| | | | |
|---|---|---|---|
| PROJECT NUMBER | 2017-DJ-BX-0001 | AWARD DATE | 08/23/2017 |

*SPECIAL CONDITIONS*

27.  Use of program income

Program income (as defined in the Part 200 Uniform Requirements) must be used in accordance with the provisions of the Part 200 Uniform Requirements.  Program income earnings and expenditures both must be reported on the quarterly Federal Financial Report, SF 425.

28.  Justice Information Sharing

In order to promote information sharing and enable interoperability among disparate systems across the justice and public safety community, the recipient (and any subrecipient at any tier)  must comply with DOJ's Global Justice Information Sharing Initiative (DOJ's Global) guidelines and recommendations for this particular award. The recipient shall conform to the Global Standards Package (GSP) and all constituent elements, where applicable, as described at: https://it.ojp.gov/gsp_grantcondition. The recipient shall document planned approaches to information sharing and describe compliance to the GSP and appropriate privacy policy that protects shared information, or provide detailed justification for why an alternative approach is recommended.

29.  Avoidance of duplication of networks

To avoid duplicating existing networks or IT systems in any initiatives funded by BJA for law enforcement information sharing systems which involve interstate connectivity between jurisdictions, such systems shall employ, to the extent possible, existing networks as the communication backbone to achieve interstate connectivity, unless the recipient can demonstrate to the satisfaction of BJA that this requirement would not be cost effective or would impair the functionality of an existing or proposed IT system.

30.  Compliance with 28 C.F.R. Part 23

With respect to any information technology system funded or supported by funds under this award, the recipient (and any subrecipient at any tier) must comply with 28 C.F.R. Part 23, Criminal Intelligence Systems Operating Policies, if OJP determines this regulation to be applicable. Should OJP determine 28 C.F.R. Part 23 to be applicable, OJP may, at its discretion, perform audits of the system, as per the regulation. Should any violation of 28 C.F.R. Part 23 occur, the recipient may be fined as per 42 U.S.C. 3789g(c)-(d).  The recipient may not satisfy such a fine with federal funds.

31.  Protection of human research subjects

The recipient (and any subrecipient at any tier) must comply with the requirements of 28 C.F.R. Part 46 and all OJP policies and procedures regarding the protection of human research subjects, including obtainment of Institutional Review Board approval, if appropriate, and subject informed consent.

32.  Confidentiality of data

The recipient (and any subrecipient at any tier) must comply with all confidentiality requirements of 42 U.S.C. 3789g and 28 C.F.R. Part 22 that are applicable to collection, use, and revelation of data or information. The recipient further agrees, as a condition of award approval, to submit a Privacy Certificate that is in accord with requirements of 28 C.F.R. Part 22 and, in particular, 28 C.F.R. 22.23.



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION SHEET**

**Grant**

PAGE 11 OF 20

| PROJECT NUMBER | 2017-DJ-BX-0001 | AWARD DATE | 08/23/2017 |
| --- | --- | --- | --- |

*SPECIAL CONDITIONS*

33. Verification and updating of recipient contact information

The recipient must verify its Point of Contact(POC), Financial Point of Contact (FPOC), and Authorized Representative contact information in GMS, including telephone number and e-mail address. If any information is incorrect or has changed, a Grant Adjustment Notice (GAN) must be submitted via the Grants Management System (GMS) to document changes.

34. Law enforcement task forces - required training

Within 120 days of award acceptance, each current member of a law enforcement task force funded with award funds who is a task force commander, agency executive, task force officer, or other task force member of equivalent rank, must complete required online (internet-based) task force training. Additionally, all future task force members must complete this training once during the period of performance for this award, or once every four years if multiple OJP awards include this requirement.

The required training is available free of charge online through the BJA-funded Center for Task Force Integrity and Leadership (www.ctfli.org). The training addresses task force effectiveness, as well as other key issues including privacy and civil liberties/rights, task force performance measurement, personnel selection, and task force oversight and accountability. If award funds are used to support a task force, the recipient must compile and maintain a task force personnel roster, along with course completion certificates.

Additional information regarding the training is available through BJA's web site and the Center for Task Force Integrity and Leadership (www.ctfli.org).

35. Required attendance at BJA-sponsored events

The recipient (and its subrecipients at any tier) must participate in BJA-sponsored training events, technical assistance events, or conferences held by BJA or its designees, upon BJA's request.

36. Justification of consultant rate

Approval of this award does not indicate approval of any consultant rate in excess of $650 per day. A detailed justification must be submitted to and approved by the OJP program office prior to obligation or expenditure of such funds.



| U.S. Department of Justice<br>Office of Justice Programs<br>**Bureau of Justice Assistance** | **AWARD CONTINUATION SHEET**<br>**Grant** | PAGE 12 OF 20 |
|---|---|---|

| PROJECT NUMBER | 2017-DJ-BX-0001 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

37.  Compliance with National Environmental Policy Act and related statutes

Upon request, the recipient (and any subrecipient at any tier) must assist BJA in complying with the National Environmental Policy Act (NEPA), the National Historic Preservation Act, and other related federal environmental impact analyses requirements in the use of these award funds, either directly by the recipient or by a subrecipient. Accordingly, the recipient agrees to first determine if any of the following activities will be funded by the grant, prior to obligating funds for any of these purposes. If it is determined that any of the following activities will be funded by the award, the recipient agrees to contact BJA.

The recipient understands that this condition applies to new activities as set out below, whether or not they are being specifically funded with these award funds. That is, as long as the activity is being conducted by the recipient, a subrecipient, or any third party, and the activity needs to be undertaken in order to use these award funds, this condition must first be met. The activities covered by this condition are:

a. New construction;

b. Minor renovation or remodeling of a property located in an environmentally or historically sensitive area, including properties located within a 100-year flood plain, a wetland, or habitat for endangered species, or a property listed on or eligible for listing on the National Register of Historic Places;

c. A renovation, lease, or any proposed use of a building or facility that will either (a) result in a change in its basic prior use or (b) significantly change its size;

d. Implementation of a new program involving the use of chemicals other than chemicals that are (a) purchased as an incidental component of a funded activity and (b) traditionally used, for example, in office, household, recreational, or education environments; and

e. Implementation of a program relating to clandestine methamphetamine laboratory operations, including the identification, seizure, or closure of clandestine methamphetamine laboratories.

The recipient understands and agrees that complying with NEPA may require the preparation of an Environmental Assessment and/or an Environmental Impact Statement, as directed by BJA. The recipient further understands and agrees to the requirements for implementation of a Mitigation Plan, as detailed at https://bja.gov/Funding/nepa html, for programs relating to methamphetamine laboratory operations.

Application of This Condition to Recipient's Existing Programs or Activities:  For any of the recipient's or its subrecipients' existing programs or activities that will be funded by these award funds, the recipient, upon specific request from BJA, agrees to cooperate with BJA in any preparation by BJA of a national or program environmental assessment of that funded program or activity.

38.  Establishment of trust fund

If award funds are being drawn down in advance, the recipient (or a subrecipient, with respect to a subaward) is required to establish a trust fund account. (The trust fund may or may not be an interest-bearing account.) The fund, including any interest, may not be used to pay debts or expenses incurred by other activities beyond the scope of the Edward Byrne Memorial Justice Assistance Grant Program (JAG). The recipient also agrees to obligate the award funds in the trust fund (including any interest earned) during the period of performance for the award and expend within 90 days thereafter. Any unobligated or unexpended funds, including interest earned, must be returned to OJP at the time of closeout.



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET
Grant**

PAGE 13 OF 20

| PROJECT NUMBER | 2017-DJ-BX-0001 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

39. Prohibition on use of award funds for match under BVP program

JAG funds may be used to purchase vests for an agency, but they may not be used as the 50% match for purposes of the DOJ Bulletproof Vest Partnership (BVP) program.

40. Certification of body armor "mandatory wear" policies

The recipient agrees to submit a signed certification that all law enforcement agencies receiving body armor purchased with funds from this award have a written "mandatory wear" policy in effect. The recipient must keep signed certifications on file for any subrecipients planning to utilize funds from this award for ballistic-resistant and stab-resistant body armor purchases. This policy must be in place for at least all uniformed officers before any funds from this award may be used by an agency for body armor. There are no requirements regarding the nature of the policy other than it be a mandatory wear policy for all uniformed officers while on duty.

41. Body armor - compliance with NIJ standards

Ballistic-resistant and stab-resistant body armor purchased with JAG award funds may be purchased at any threat level, make or model, from any distributor or manufacturer, as long as the body armor has been tested and found to comply with applicable National Institute of Justice ballistic or stab standards and is listed on the NIJ Compliant Body Armor Model List (https://nij.gov/). In addition, ballistic-resistant and stab-resistant body armor purchased must be American-made. The latest NIJ standard information can be found here: https://nij.gov/topics/technology/body-armor/pages/safety-initiative.aspx.

42. Required monitoring of subawards

The recipient must monitor subawards under this JAG award in accordance with all applicable statutes, regulations, award conditions, and the DOJ Grants Financial Guide, and must include the applicable conditions of this award in any subaward. Among other things, the recipient is responsible for oversight of subrecipient spending and monitoring of specific outcomes and benefits attributable to use of award funds by subrecipients. The recipient agrees to submit, upon request, documentation of its policies and procedures for monitoring of subawards under this award.

43. Reporting requirements

The recipient must submit quarterly Federal Financial Reports (SF-425) and semi-annual performance reports through OJP's GMS (https://grants.ojp.usdoj.gov). Consistent with the Department's responsibilities under the Government Performance and Results Act (GPRA) and the GPRA Modernization Act of 2010, the recipient must provide data that measure the results of its work. The recipient must submit quarterly performance metrics reports through BJA's Performance Measurement Tool (PMT) website (www.bjaperformancetools.org). For more detailed information on reporting and other JAG requirements, refer to the JAG reporting requirements webpage. Failure to submit required JAG reports by established deadlines may result in the freezing of grant funds and future High Risk designation.

44. Required data on law enforcement agency training

Any law enforcement agency receiving direct or sub-awarded funding from this JAG award must submit quarterly accountability metrics data related to training that officers have received on the use of force, racial and ethnic bias, de-escalation of conflict, and constructive engagement with the public.



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET

Grant**

PAGE 14 OF 20

| PROJECT NUMBER | 2017-DJ-BX-0001 | AWARD DATE | 08/23/2017 |
| --- | --- | --- | --- |

*SPECIAL CONDITIONS*

45. Prohibited Expenditures List

Award funds may not be used for items that are listed on the Prohibited Expenditure List at the time of purchase or acquisition, including as the list may be amended from time to time. The Prohibited Expenditure List may be accessed here: https://www.bja.gov/funding/JAGControlledPurchaseList.pdf

46. Controlled expenditures - prior written approval required

Award funds may not be used for items that are listed on the Controlled Expenditure List at the time of purchase or acquisition, including as the list may be amended from time to time, without explicit written prior approval from BJA. The Controlled Expenditure List, and instructions on how to request approval for purchase or acquisitions are set out at https://www.bja.gov/funding/JAGControlledPurchaseList.pdf

47. Controlled expenditures - incident reporting

If an agency uses award funds to purchase or acquire any item on the Controlled Expenditure List at the time of purchase or acquisition, including as the list may be amended from time to time, the agency must collect and retain (for at least 3 years) certain information about the use of-- (1) any federally-acquired Controlled Equipment in the agency's inventory, and (2) any other controlled equipment in the same category as the federally-acquired controlled equipment in the agency's inventory, regardless of source; and the agency must make that information available to BJA upon request. Details about what information must be collected and retained are set out at https://ojp.gov/docs/LE-Equipment-WG-Final-Report.pdf.

48. Sale of items on Controlled Expenditure List

Notwithstanding the provision of the Part 200 Uniform Requirements set out at 2 C.F.R. 200.313, no equipment listed on the Controlled Expenditure List that is purchased with award funds may be transferred or sold to a third party, except as described below:

a. Agencies may transfer or sell any controlled equipment, except riot helmets and riot shields, to a Law Enforcement Agency (LEA) after obtaining prior written approval from BJA. As a condition of that approval, the acquiring LEA will be required to submit information and certifications to BJA as if it were requesting approval to use award funds for the initial purchase of items on the Controlled Expenditure List.

b. Agencies may not transfer or sell any riot helmets or riot shields purchased under this award.

c. Agencies may not transfer or sell any Controlled Equipment purchased under this award to non-LEAs, with the exception of fixed wing aircraft, rotary wing aircraft, and command and control vehicles. Before any such transfer or sale is finalized, the agency must obtain prior written approval from BJA. All law enforcement-related and other sensitive or potentially dangerous components, and all law enforcement insignias and identifying markings must be removed prior to transfer or sale.

The recipient must notify BJA prior to the disposal of any items on the Controlled Expenditure List purchased with award funds, and must abide by any applicable laws (including regulations) in such disposal.

49. Prohibited or controlled expenditures - Effect of failure to comply

Failure to comply with an award condition related to prohibited or controlled expenditures may result in denial of any further approvals of controlled expenditures under this or other federal awards.



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET**

**Grant**

PAGE  15  OF  20

| PROJECT NUMBER | 2017-DJ-BX-0001 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

50.    Controlled expenditures - Standards

Consistent with recommendation 2.1 of Executive Order 13688, a law enforcement agency that acquires controlled
equipment with award funds must adopt robust and specific written policies and protocols governing General Policing
Standards and Specific Controlled Equipment Standards. General Policing Standards includes policies on (a)
Community Policing; (b) Constitutional Policing; and (c) Community Input and Impact Considerations. Specific
Controlled Equipment Standards includes policies specifically related to (a) Appropriate Use of Controlled Equipment;
(b) Supervision of Use; (c) Effectiveness Evaluation; (d) Auditing and Accountability; and (e) Transparency and Notice
Considerations. Upon OJP's request, the recipient must provide a copy of the General Policing Standards and Specific
Controlled Equipment Standards, and any related policies and protocols.

51.    Authorization to obligate (federal) award funds to reimburse certain project costs incurred on or after October 1, 2016

The recipient may obligate (federal) award funds only after the recipient makes a valid acceptance of the award.  As of
the first day of the period of performance for the award (October 1, 2016), however, the recipient may choose to incur
project costs using non-federal funds, but any such project costs are incurred at the recipient's risk until, at a
minimum-- (1) the recipient makes a valid acceptance of the award, and (2) all applicable withholding conditions are
removed by OJP (via a Grant Adjustment Notice).  (A withholding condition is a condition in the award document that
precludes the recipient from obligating, expending, or drawing down all or a portion of the award funds until the
condition is removed.)

Except to the extent (if any) that an award condition expressly precludes reimbursement of project costs incurred "at-
risk," if and when the recipient makes a valid acceptance of this award and OJP removes each applicable withholding
condition through a Grant Adjustment Notice, the recipient is authorized to obligate (federal) award funds to reimburse
itself for project costs incurred "at-risk" earlier during the period of performance (such as project costs incurred prior to
award acceptance or prior to removal of an applicable withholding condition), provided that those project costs
otherwise are allowable costs under the award.

Nothing in this condition shall be understood to authorize the recipient (or any subrecipient at any tier) to use award
funds to "supplant" State or local funds in violation of the recipient's certification (executed by the chief executive of
the State or local government) that federal funds will be used to increase the amounts of such funds that would, in the
absence of federal funds, be made available for law enforcement activities.

52.    "Certification of Compliance with 8 U.S.C. 1373" required for valid award acceptance by a unit of local government

In order validly to accept this award, the applicant local government must submit the required "Certification of
Compliance with 8 U.S.C. 1373" (executed by the chief legal officer of the local government).  Unless that executed
certification either-- (1) is submitted to OJP together with the fully-executed award document, or (2) is uploaded in
OJP's GMS no later than the day the signed award document is submitted to OJP, any submission by a unit of local
government that purports to accept the award is invalid.

If an initial award-acceptance submission by the recipient is invalid, once the unit of local government does submit the
necessary certification regarding 8 U.S.C. 1373, it may submit a fully-executed award document executed by the unit
of local government on or after the date of that certification.

For purposes of this condition, "local government" does not include any Indian tribes.



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET**

**Grant**

PAGE  16  OF  20

| PROJECT NUMBER | 2017-DJ-BX-0001 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

53.    Ongoing compliance with 8 U.S.C. 1373 is required

1. With respect to the "program or activity" funded in whole or part under this award (including any such "program or activity" of any subrecipient at any tier), throughout the period of performance for the award, no State or local government entity, -agency, or -official may prohibit or in any way restrict-- (1) any government entity or -official from sending or receiving information regarding citizenship or immigration status as described in 8 U.S.C. 1373(a); or (2) a government entity or -agency from sending, requesting or receiving, maintaining, or exchanging information regarding immigration status as described in 8 U.S.C. 1373(b).  For purposes of this award, any prohibition (or restriction) that violates this condition is an "information-communication restriction."

2. Certifications from subrecipients.  The recipient may not make a subaward to a State or local government or a "public" institution of higher education, unless it first obtains a certification of compliance with 8 U.S.C. 1373, properly executed by the chief legal officer of the jurisdiction or institution that would receive the subaward, using the appropriate form available at https://ojp.gov/funding/Explore/SampleCertifications-8USC1373.htm.  Similarly, the recipient must require that no subrecipient (at any tier) may make a further subaward to a State or local government or a "public" institution of higher education, unless it first obtains a certification of compliance with 8 U.S.C. 1373, properly executed by the chief legal officer of the jurisdiction or institution that would receive the further subaward, using the appropriate OJP form.

3. The recipient's monitoring responsibilities include monitoring of subrecipient compliance with the requirements of this condition.

4. Allowable costs.  Compliance with these requirements is an authorized and priority purpose of this award.  To the extent that such costs are not reimbursed under any other federal program, award funds may be obligated (including for authorized reimbursements) for the reasonable, necessary, and allocable costs (if any) that the recipient, or any subrecipient at any tier that is a State or local government or a "public" institution of higher education, incurs to implement this condition.

5. Rules of Construction

A. For purposes of this condition:

(1) "State" and "local government" include any agency or other entity thereof, but not any institution of higher education or any Indian tribe.

(2) A "public" institution of higher education is one that is owned, controlled, or directly funded by a State or local government.

(3) "Program or activity" means what it means under title VI of the Civil Rights Act of 1964 (see 42 U.S.C. 2000d-4a).

(4) "Immigration status" means what it means for purposes of 8 U.S.C. 1373 (Illegal Immigration Reform and Immigrant Responsibility Act of 1996); and terms that are defined in 8 U.S.C. 1101 (Immigration and Nationality Act) mean what they mean under that section 1101, except that the term "State" also shall include American Samoa (cf. 42 U.S.C. 901(a)(2)).

(5) Pursuant to the provisions set out at (or referenced in) 8 U.S.C. 1551 note ("Abolition … and Transfer of Functions"), references to the "Immigration and Naturalization Service" in 8 U.S.C. 1373 are to be read as references to particular components of the Department of Homeland Security (DHS).

B. Nothing in this condition shall be understood to authorize or require any recipient, any subrecipient at any tier, any State or local government, any "public" institution of higher education, or any other entity (or individual) to violate any federal law, including any applicable civil rights or nondiscrimination law.

OJP FORM 4000/2 (REV  4-88)



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET

Grant**

PAGE  17  OF  20

| PROJECT NUMBER | 2017-DJ-BX-0001 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

IMPORTANT NOTE:  Any questions about the meaning or scope of this condition should be directed to OJP, before award acceptance.

54.   Authority to obligate award funds contingent on compliance with 8 U.S.C. 1373; unallowable costs; obligation to notify

1.  If the recipient is a State or local government--

A.  The recipient may not obligate award funds if, at the time of the obligation, the "program or activity" of the recipient (or of any subrecipient at any tier that is a either a State or unit of local government or a "public" institution of higher education) that is funded in whole or in part with award funds is subject to any "information-communication restriction."

B.  In addition, with respect to any project costs it incurs "at risk," the recipient may not obligate award funds to reimburse itself if -- at the time it incurs such costs -- the "program or activity" of the recipient (or of any subrecipient at any tier that is a either a State or unit of local government or a "public" institution of higher education) that would be reimbursed in whole or in part with award funds was subject to any "information-communication restriction."

C.  Any drawdown of award funds by the recipient shall be considered, for all purposes, to be a material representation by the recipient to OJP that, as of the date the recipient requests the drawdown, the recipient and all subrecipients (regardless of tier) are in compliance with 8 U.S.C. 1373.

D.  The recipient must promptly notify OJP (in writing) if the recipient, from its requisite monitoring of compliance with award conditions or otherwise, has credible evidence that indicates that the funded "program or activity" of the recipient, or of any subrecipient at any tier that is either a State or a local government or a "public" institution of higher education, may be subject to any "information-communication restriction." In addition, any subaward (at any tier) to a subrecipient that is either a State or a local government or a "public" institution of higher education must require prompt notification to the entity that made the subaward, should the subrecipient such credible evidence regarding an "information-communication restriction."

2.  Any subaward (at any tier) to a subrecipient that is either a State or a local government or a "public" institution of higher education must provide that the subrecipient may not obligate award funds if, at the time of the obligation, the "program or activity" of the subrecipient (or of any further such subrecipient at any tier) that is funded in whole or in part with award funds is subject to any "information-communication restriction."

3.  Absent an express written determination by DOJ to the contrary, based upon a finding by DOJ of compelling circumstances (e.g., a small amount of award funds obligated by the recipient at the time of a subrecipient's minor and transitory non-compliance, which was unknown to the recipient despite diligent monitoring), any obligations of award funds that, under this condition, may not be made shall be unallowable costs for purposes of this award.  In making any such determination, DOJ will give great weight to evidence submitted by the recipient that demonstrates diligent monitoring of subrecipient compliance with the requirements set out in the award condition entitled "Ongoing compliance with 8 U.S.C. 1373 is required."

4.  Rules of Construction

A.  For purposes of this condition "information-communication restriction" has the meaning set out in the award condition entitled "Ongoing compliance with 8 U.S.C. 1373 is required."

B.  Both the "Rules of Construction" and the "Important Note" set out in the award condition entitled "Ongoing compliance with 8 U.S.C. 1373 is required" are incorporated by reference as though set forth here in full.



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET
Grant**

PAGE 18 OF 20

| PROJECT NUMBER | 2017-DJ-BX-0001 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

55. Required State-level rules or practices related to aliens; allowable costs

The following provisions apply to the recipient of this award, if the recipient is a State government, and also apply to any State-government subrecipient at any tier (whether or not the recipient is a State government).

1. Requirements

With respect to the "program or activity" that is funded (in whole or in part) by this award, as of the date the recipient accepts this award, and throughout the remainder of the period of performance for the award--

A. A State statute, or a State rule, -regulation, -policy, or -practice, must be in place that is designed to ensure that agents of the United States acting under color of federal law in fact are given to access any State (or State-contracted) correctional facility for the purpose of permitting such agents to meet with individuals who are (or are believed by such agents to be) aliens and to inquire as to such individuals' right to be or remain in the United States.

B. A State statute, or a State rule, -regulation, -policy, or -practice, must be in place that is designed to ensure that, when a State (or State-contracted) correctional facility receives from DHS a formal written request authorized by the Immigration and Nationality Act that seeks advance notice of the scheduled release date and time for a particular alien in such facility, then such facility will honor such request and -- as early as practicable (see para. 4.B. of this condition) -- provide the requested notice to DHS.

2. Monitoring

The recipient's monitoring responsibilities include monitoring of subrecipient compliance with the requirements of this condition.

3. Allowable costs

Compliance with these requirements is an authorized and priority purpose of this award. To the extent that such costs are not reimbursed under any other federal program, award funds may be obligated (including for authorized reimbursements) for the reasonable, necessary, and allocable costs (if any) of-- (1) developing and putting into place statutes, rules, regulations, policies, and practices to satisfy this condition, and (2) permitting access as described in para. 1.A. above, and (3) honoring any request from DHS that is encompassed by para. 1.B. above.

4. Rules of construction

A. For purposes of this condition--

(1) the term "alien" means what it means under section 101 of the Immigration and Nationality Act (see 8 U.S.C. 1101(a)(3)).

(2) the term "correctional facility" means what it means under the Title I of the Omnibus Crime Control and Safe Streets Act of 1968 (see 42 U.S.C. 3791(a)(7)).

B. Nothing in this condition shall be understood to authorize or require any recipient, any subrecipient at any tier, any State or local government, or any other entity or individual to maintain (or detain) any individual in custody beyond the date and time the individual would have been released in the absence of this condition.

Current DHS practice is ordinarily to request advance notice of scheduled release "as early as practicable (at least 48 hours, if possible)." (See DHS Form I-247A (3/17)). In the event that (e.g., in light of the date DHS made such request) the scheduled release date and time for an alien are such as not to permit the advance notice that DHS has requested, it shall not be a violation of this condition to provide only as much advance notice as practicable.

OJP FORM 4000/2 (REV 4-88)



| U.S. Department of Justice<br>Office of Justice Programs<br>**Bureau of Justice Assistance** | **AWARD CONTINUATION<br>SHEET**<br>**Grant** | PAGE 19 OF 20 |
|---|---|---|

| PROJECT NUMBER | 2017-DJ-BX-0001 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

NOTE: Current DHS practice is to use one form (DHS Form I-247A (3/17)) for two distinct purposes -- to request advance notice of scheduled release, and to request that an individual be detained for up to 48 hours AFTER the scheduled release. This condition imposes NO requirements as to such DHS requests for detention.

C. Both the "Rules of Construction" and the "Important Note" set out in the award condition entitled "Ongoing compliance with 8 U.S.C. 1373 is required" are incorporated by reference as though set forth here in full.

56.    Required local-government-level rules or practices related to aliens; allowable costs

The following provisions apply to the recipient of this award, if the recipient is a unit of local government, and also apply to any local-government subrecipient of this award at any tier (whether or not the recipient itself is a unit of local government).

1.    Requirements

With respect to the "program or activity" that is funded (in whole or in part) by this award, as of the date the recipient accepts this award, and throughout the remainder of the period of performance for the award--

A.    A local ordinance, -rule, -regulation, -policy, or -practice (or an applicable State statute, -rule, -regulation, -policy, or -practice) must be in place that is designed to ensure that agents of the United States acting under color of federal law in fact are given access a local-government (or local-government-contracted) correctional facility for the purpose of permitting such agents to meet with individuals who are (or are believed by such agents to be) aliens and to inquire as to such individuals' right to be or remain in the United States.

B.    A local ordinance, -rule, -regulation, -policy, or -practice (or an applicable State statute, -rule, -regulation, -policy, or -practice) must be in place that is designed to ensure that, when a local-government (or local-government-contracted) correctional facility receives from DHS a formal written request authorized by the Immigration and Nationality Act that seeks advance notice of the scheduled release date and time for a particular alien in such facility, then such facility will honor such request and -- as early as practicable (see "Rules of Construction" incorporated by para. 4.B. of this condition) -- provide the requested notice to DHS.

2.    Monitoring

The recipient's monitoring responsibilities include monitoring of subrecipient compliance with the requirements of this condition.

3.    Allowable costs

Compliance with these requirements is an authorized and priority purpose of this award.  To the extent that such costs are not reimbursed under any other federal program, award funds may be obligated (including for authorized reimbursements) for the reasonable, necessary, and allocable costs (if any) of-- (1) developing and putting into place statutes, ordinances, rules, regulations, policies, and practices to satisfy this condition, (2) permitting access as described in para. 1.A. above, and (3) honoring any request from DHS that is encompassed by para. 1.B. above.

4.    Rules of construction

A.    The "Rules of Construction" and the "Important Note" set out in the award condition entitled "Ongoing compliance with 8 U.S.C. 1373 is required" are incorporated by reference as though set forth here in full.

B.    The "Rules of Construction" set out in the award condition entitled "Required State-level rules or practices related to aliens; allowable costs" are incorporated by reference as though set forth here in full.



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET**

**Grant**

PAGE 20 OF 20

| PROJECT NUMBER | 2017-DJ-BX-0001 | AWARD DATE | 08/23/2017 |
|---|---|---|---|

*SPECIAL CONDITIONS*

57. Use of funds for DNA testing; upload of DNA profiles

If award funds are used for DNA testing of evidentiary materials, any resulting eligible DNA profiles must be uploaded to the Combined DNA Index System ("CODIS," the DNA database operated by the FBI) by a government DNA laboratory with access to CODIS.

No profiles generated under this award may be entered or uploaded into any non-governmental DNA database without prior express written approval from BJA.

Award funds may not be used for the purchase of DNA equipment and supplies unless the resulting DNA profiles may be accepted for entry into CODIS.

58. Encouragement of submission of "success stories"

BJA strongly encourages the recipient to submit annual (or more frequent) JAG success stories. To submit a success story, sign in to a My BJA account at https://www.bja.gov/Login.aspx to access the Success Story Submission form. If the recipient does not yet have a My BJA account, please register at https://www.bja.gov/profile.aspx. Once registered, one of the available areas on the My BJA page will be "My Success Stories." Within this box, there is an option to add a Success Story. Once reviewed and approved by BJA, all success stories will appear on the BJA Success Story web page at https://www.bja.gov/SuccessStoryList.aspx.

59. Initial period of performance; requests for extension

The recipient understands that the initial period of performance for this award is two years. The recipient further understands that any requests for an extension of the period of performance for this award will be approved automatically for up to a total of two additional years, pursuant to 42 U.S.C. 3751(f) and in accordance with the program solicitation associated with this award.

Any request for an extension of the period of performance beyond a four-year award period will require approval, and the approval (if any) will be at the discretion of the Director of BJA.

60. Withholding of funds: Budget narrative

The recipient may not obligate, expend, or draw down any award funds until the recipient submits, and OJP has reviewed and accepts, the budget narrative for the award, and a Grant Adjustment Notice (GAN) has been issued to remove this condition.

61. Withholding of funds: Program narrative

The recipient may not obligate, expend, or draw down any award funds until the recipient submits, and OJP has reviews and accepts, the program narrative for this award, and a Grant Adjustment Notice (GAN) has been issued to remove this condition.

62. Withholding of funds: Memorandum of Understanding

The recipient may not obligate, expend, or draw down any award funds until OJP has reviewed and approved the Memorandum of Understanding (MOU), and a Grant Adjustment Notice (GAN) has been issued to remove this condition.

# Exhibit C*

* In the document that follows, on the page labeled "1 of 13," information in the original document has been redacted in fields 2a ("GRANTEE IRS/VENDOR NO") and 2b ("GRANTEE DUNS NO").

U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**Grant**

PAGE 1 OF 13

| 1. RECIPIENT NAME AND ADDRESS (Including Zip Code) | 4. AWARD NUMBER: 2016-DJ-BX-0106 |
|---|---|
| City of Chicago 121 North LaSalle Street Chicago, IL 60602 | 5. PROJECT PERIOD: FROM 10/01/2015 TO 09/30/2019 BUDGET PERIOD: FROM 10/01/2015 TO 09/30/2019 |

| | 6. AWARD DATE 09/07/2016 | 7. ACTION |
|---|---|---|
| 2a. GRANTEE IRS/VENDOR NO. [REDACTED] | 8. SUPPLEMENT NUMBER 00 | Initial |
| 2b. GRANTEE DUNS NO. [REDACTED] | 9. PREVIOUS AWARD AMOUNT | $ 0 |
| 3. PROJECT TITLE FY 2016 Chicago/Cook County Justice Assistance Grant | 10. AMOUNT OF THIS AWARD | $ 2,333,428 |
| | 11. TOTAL AWARD | $ 2,333,428 |

12. SPECIAL CONDITIONS

THE ABOVE GRANT PROJECT IS APPROVED SUBJECT TO SUCH CONDITIONS OR LIMITATIONS AS ARE SET FORTH ON THE ATTACHED PAGE(S).

13. STATUTORY AUTHORITY FOR GRANT

This project is supported under FY16(BJA - JAG) 42 USC 3750, et seq.

14 . CATALOG OF DOMESTIC FEDERAL ASSISTANCE (CFDA Number)

16.738 - Edward Byrne Memorial Justice Assistance Grant Program

15. METHOD OF PAYMENT

GPRS

| AGENCY APPROVAL | GRANTEE ACCEPTANCE |
|---|---|
| 16. TYPED NAME AND TITLE OF APPROVING OFFICIAL Karol Virginia Mason Assistant Attorney General | 18. TYPED NAME AND TITLE OF AUTHORIZED GRANTEE OFFICIAL Eddie T. Johnson Superintendent |
| 17. SIGNATURE OF APPROVING OFFICIAL *Karol V. Mason* | 19. SIGNATURE OF AUTHORIZED RECIPIENT OFFICIAL | 19A. DATE |

AGENCY USE ONLY

20. ACCOUNTING CLASSIFICATION CODES

| FISCAL YEAR | FUND CODE | BUD. ACT. | OFC. | DIV. REG. | SUB. | POMS | AMOUNT |
|---|---|---|---|---|---|---|---|
| X | B | DJ | 80 | 00 | 00 | | 2333428 |

21. RDJUGT0913

OJP FORM 4000/2 (REV. 5-87) PREVIOUS EDITIONS ARE OBSOLETE.

OJP FORM 4000/2 (REV. 4-88)



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET
Grant**

PAGE 2 OF 13

| PROJECT NUMBER | 2016-DJ-BX-0406 | AWARD DATE | 09/07/2016 |
|---|---|---|---|

*SPECIAL CONDITIONS*

1. Applicability of Part 200 Uniform Requirements

    The Uniform Administrative Requirements, Cost Principles, and Audit Requirements in 2 C.F.R. Part 200, as adopted and supplemented by the Department of Justice (DOJ) in 2 C.F.R. Part 2800 (together, the "Part 200 Uniform Requirements") apply to this 2016 award from the Office of Justice Programs (OJP).

    The Part 200 Uniform Requirements were first adopted by DOJ on December 26, 2014. If this 2016 award supplements funds previously awarded by OJP under the same award number (e.g., funds awarded in 2014 or earlier years), the Part 200 Uniform Requirements apply with respect to all funds under that award number (regardless of the award date, and regardless of whether derived from the initial award or a supplemental award) that are obligated on or after the acceptance date of this 2016 award.

    For more information and resources on the Part 200 Uniform Requirements as they relate to OJP awards and subawards ("subgrants"), see the Office of Justice Programs (OJP) website at http://ojp.gov/funding/Part200UniformRequirements.htm.

    In the event that an award-related question arises from documents or other materials prepared or distributed by OJP that may appear to conflict with, or differ in some way from, the provisions of the Part 200 Uniform Requirements, the recipient is to contact OJP promptly for clarification.

2. Compliance with DOJ Grants Financial Guide

    The recipient agrees to comply with the Department of Justice Grants Financial Guide as posted on the OJP website (currently, the "2015 DOJ Grants Financial Guide"), including any updated version that may be posted during the period of performance.

3. Required training for Point of Contact and all Financial Points of Contact

    Both the Point of Contact (POC) and all Financial Points of Contact (FPOCs) for this award must have successfully completed an "OJP financial management and grant administration training" by 120 days after the date of the recipient's acceptance of the award. Successful completion of such a training on or after January 1, 2015, will satisfy this condition.

    In the event that either the POC or an FPOC for this award changes during the period of performance, the new POC or FPOC must have successfully completed an "OJP financial management and grant administration training" by 120 calendar days after -- (1) the date of OJP's approval of the "Change Grantee Contact" GAN (in the case of a new POC), or (2) the date the POC enters information on the new FPOC in GMS (in the case of a new FPOC). Successful completion of such a training on or after January 1, 2015, will satisfy this condition.

    A list of OJP trainings that OJP will consider "OJP financial management and grant administration training" for purposes of this condition is available at http://www.ojp.gov/training/fmts.htm. All trainings that satisfy this condition include a session on grant fraud prevention and detection

    The recipient should anticipate that OJP will immediately withhold ("freeze") award funds if the recipient fails to comply with this condition. The recipient's failure to comply also may lead OJP to impose additional appropriate conditions on this award.



| U.S. Department of Justice<br>Office of Justice Programs<br>**Bureau of Justice Assistance** | **AWARD CONTINUATION<br>SHEET<br>Grant** | PAGE 3 OF 13 |
|---|---|---|

| PROJECT NUMBER | 2016-DJ-BX-0106 | AWARD DATE | 09/07/2016 |
|---|---|---|---|

*SPECIAL CONDITIONS*

4. Requirements related to "de minimis" indirect cost rate

A recipient that is eligible under the Part 200 Uniform Requirements and other applicable law to use the "de minimis" indirect cost rate described in 2 C.F.R. 200.414(f), and that elects to use the "de minimis" indirect cost rate, must advise OJP in writing of both its eligibility and its election, and must comply with all associated requirements in the Part 200 Uniform Requirements. The "de minimis" rate may be applied only to modified total direct costs (MTDC) as defined by the Part 200 Uniform Requirements.

5. Requirement to report potentially duplicative funding

If the recipient currently has other active awards of federal funds, or if the recipient receives any other award of federal funds during the period of performance for this award, the recipient promptly must determine whether funds from any of those other federal awards have been, are being, or are to be used (in whole or in part) for one or more of the identical cost items for which funds are provided under this award. If so, the recipient must promptly notify the DOJ awarding agency (OJP or OVW, as appropriate) in writing of the potential duplication, and, if so requested by DOJ awarding agency, must seek a budget-modification or change-of-project-scope grant adjustment notice (GAN) to eliminate any inappropriate duplication of funding.

6. Requirements related to System for Award Management and Unique Entity Identifiers

The recipient must comply with applicable requirements regarding the System for Award Management (SAM), currently accessible at http://www.sam.gov. This includes applicable requirements regarding registration with SAM, as well as maintaining the currency of information in SAM.

The recipient also must comply with applicable restrictions on subawards ("subgrants") to first-tier subrecipients (first-tier "subgrantees"), including restrictions on subawards to entities that do not acquire and provide (to the recipient) the unique entity identifier required for SAM registration.

The details of the recipient's obligations related to SAM and to unique entity identifiers are posted on the OJP web site at http://ojp.gov/funding/Explore/SAM.htm (Award condition: System for Award Management (SAM) and Universal Identifier Requirements), and are incorporated by reference here.

This special condition does not apply to an award to an individual who received the award as a natural person (i.e., unrelated to any business or non-profit organization that he or she may own or operate in his or her name).

7. All subawards ("subgrants") must have specific federal authorization

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements for authorization of any subaward. This condition applies to agreements that -- for purposes of federal grants administrative requirements -- OJP considers a "subaward" (and therefore does not consider a procurement "contract").

The details of the requirement for authorization of any subaward are posted on the OJP web site at http://ojp.gov/funding/Explore/SubawardAuthorization.htm (Award condition: Award Condition: All subawards ("subgrants") must have specific federal authorization), and are incorporated by reference here.



| U.S. Department of Justice Office of Justice Programs **Bureau of Justice Assistance** | **AWARD CONTINUATION SHEET** **Grant** | PAGE 4 OF 13 |
|---|---|---|

| PROJECT NUMBER | 2016-DJ-BX-0106 | AWARD DATE | 09/07/2016 |
|---|---|---|---|

### SPECIAL CONDITIONS

8. Specific post-award approval required to use a noncompetitive approach in any procurement contract that would exceed $150,000

   The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements to obtain specific advance approval to use a noncompetitive approach in any procurement contract that would exceed the Simplified Acquisition Threshold (currently, $150,000). This condition applies to agreements that -- for purposes of federal grants administrative requirements -- OJP considers a procurement "contract" (and therefore does not consider a subaward).

   The details of the requirement for advance approval to use a noncompetitive approach in a procurement contract under an OJP award are posted on the OJP web site at http://ojp.gov/funding/Explore/NoncompetitiveProcurement.htm (Award condition: Specific post-award approval required to use a noncompetitive approach in a procurement contract (if contract would exceed $150,000)), and are incorporated by reference here.

9. Requirements pertaining to prohibited conduct related to trafficking in persons (including reporting requirements and OJP authority to terminate award)

   The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements (including requirements to report allegations) pertaining to prohibited conduct related to the trafficking of persons, whether on the part of recipients, subrecipients ("subgrantees"), or individuals defined (for purposes of this condition) as "employees" of the recipient or of any subrecipient.
   The details of the recipient's obligations related to prohibited conduct related to trafficking in persons are posted on the OJP web site at http://ojp.gov/funding/Explore/ProhibitedConduct-Trafficking.htm (Award condition: Prohibited conduct by recipients and subrecipients related to trafficking in persons (including reporting requirements and OJP authority to terminate award)), and are incorporated by reference here.

10. Compliance with applicable rules regarding approval, planning, and reporting of conferences, meetings, trainings, and other events

    The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable laws, regulations, policies, and official DOJ guidance (including specific cost limits, prior approval and reporting requirements, where applicable) governing the use of federal funds for expenses related to conferences (as that term is defined by DOJ), including the provision of food and/or beverages at such conferences, and costs of attendance at such conferences.

    Information on the pertinent DOJ definition of conferences and the rules applicable to this award appears in the DOJ Grants Financial Guide (currently, as section 3.10 of "Postaward Requirements" in the "2015 DOJ Grants Financial Guide").

11. Requirement for data on performance and effectiveness under the award

    The recipient must collect and maintain data that measure the performance and effectiveness of activities under this award. The data must be provided to OJP in the manner (including within the timeframes) specified by OJP in the program solicitation or other applicable written guidance. Data collection supports compliance with the Government Performance and Results Act (GPRA) and the GPRA Modernization Act, and other applicable laws.

12. OJP Training Guiding Principles

    Any training or training materials that the recipient -- or any subrecipient ("subgrantee") at any tier -- develops or delivers with OJP award funds must adhere to the OJP Training Guiding Principles for Grantees and Subgrantees, available at http://ojp.gov/funding/ojptrainingguidingprinciples.htm.



| U.S. Department of Justice Office of Justice Programs **Bureau of Justice Assistance** | **AWARD CONTINUATION SHEET** Grant | PAGE 5 OF 13 |
|---|---|---|

| PROJECT NUMBER | 2016-DJ-BX-0106 | AWARD DATE | 09/07/2016 |
|---|---|---|---|

*SPECIAL CONDITIONS*

13. Effect of failure to address audit issues

   The recipient understands and agrees that the DOJ awarding agency (OJP or OVW, as appropriate) may withhold award funds, or may impose other related requirements, if (as determined by the DOJ awarding agency) the recipient does not satisfactorily and promptly address outstanding issues from audits required by the Part 200 Uniform Requirements (or by the terms of this award), or other outstanding issues that arise in connection with audits, investigations, or reviews of DOJ awards.

14. The recipient agrees to comply with any additional requirements that may be imposed by the DOJ awarding agency (OJP or OVW, as appropriate) during the period of performance for this award, if the recipient is designated as "high-risk" for purposes of the DOJ high-risk grantee list.

15. Compliance with DOJ regulations pertaining to civil rights and nondiscrimination - 28 C.F.R. Part 42

   The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements of 28 C.F.R. Part 42, specifically including any applicable requirements in Subpart E of 28 C.F.R. Part 42 that relate to an equal employment opportunity program.

16. Compliance with DOJ regulations pertaining to civil rights and nondiscrimination - 28 C.F.R. Part 38

   The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements of 28 C.F.R. Part 38, specifically including any applicable requirements regarding written notice to program beneficiaries and prospective program beneficiaries. Part 38 of 28 C.F.R., a DOJ regulation, was amended effective May 4, 2016.

   Among other things, 28 C.F.R. Part 38 includes rules that prohibit specific forms of discrimination on the basis of religion, a religious belief, a refusal to hold a religious belief, or refusal to attend or participate in a religious practice. Part 38 also sets out rules and requirements that pertain to recipient and subrecipient ("subgrantee") organizations that engage in or conduct explicitly religious activities, as well as rules and requirements that pertain to recipients and subrecipients that are faith-based or religious organizations.

   The text of the regulation, now entitled "Partnerships with Faith-Based and Other Neighborhood Organizations," is available via the Electronic Code of Federal Regulations (currently accessible at http://www.ecfr.gov/cgi-bin/ECFR?page=browse), by browsing to Title 28-Judicial Administration, Chapter 1, Part 38, under e-CFR "current" data.

17. Restrictions on "lobbying"

   Federal funds may not be used by the recipient, or any subrecipient ("subgrantee") at any tier, either directly or indirectly, to support or oppose the enactment, repeal, modification or adoption of any law, regulation, or policy, at any level of government.

   Should any question arise as to whether a particular use of Federal funds by a recipient (or subrecipient) would or might fall within the scope of this prohibition, the recipient is to contact OJP for guidance, and may not proceed without the express prior written approval of OJP.



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET
Grant**

PAGE 6 OF 13

| PROJECT NUMBER | 2016-DJ-BX-0106 | AWARD DATE | 09/07/2016 |
|---|---|---|---|

*SPECIAL CONDITIONS*

18. Compliance with general appropriations-law restrictions on the use of federal funds (FY 2016)

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable restrictions on the use of federal funds set out in federal appropriations statutes. Pertinent restrictions, including from various "general provisions" in the Consolidated Appropriations Act, 2016, are set out at http://ojp.gov/funding/Explore/FY2016-AppropriationsLawRestrictions.htm, and are incorporated by reference here.

Should a question arise as to whether a particular use of federal funds by a recipient (or a subrecipient) would or might fall within the scope of an appropriations-law restriction, the recipient is to contact OJP for guidance, and may not proceed without the express prior written approval of OJP.

19. Reporting Potential Fraud, Waste, and Abuse, and Similar Misconduct

The recipient and any subrecipients ("subgrantees") must promptly refer to the DOJ Office of the Inspector General (OIG) any credible evidence that a principal, employee, agent, subrecipient, contractor, subcontractor, or other person has, in connection with funds under this award -- (1) submitted a claim that violates the False Claims Act; or (2) committed a criminal or civil violation of laws pertaining to fraud, conflict of interest, bribery, gratuity, or similar misconduct.

Potential fraud, waste, abuse, or misconduct involving or relating to funds under this award should be reported to the OIG by-- (1) mail directed to: Office of the Inspector General, U.S. Department of Justice, Investigations Division, 950 Pennsylvania Avenue, N.W. Room 4706, Washington, DC 20530; (2) e-mail to: oig.hotline@usdoj.gov; and/or (3) the DOJ OIG hotline: (contact information in English and Spanish) at (800) 869-4499 (phone) or (202) 616-9881 (fax).

Additional information is available from the DOJ OIG website at http://www.usdoj.gov/oig.



| U.S. Department of Justice<br>Office of Justice Programs<br>**Bureau of Justice Assistance** | **AWARD CONTINUATION<br>SHEET<br>Grant** | PAGE 7 OF 13 |
|---|---|---|

| PROJECT NUMBER | 2016-DJ-BX-0106 | AWARD DATE | 09/07/2016 |
|---|---|---|---|

## SPECIAL CONDITIONS

20. Restrictions and certifications regarding non-disclosure agreements and related matters

No recipient or subrecipient ("subgrantee") under this award, or entity that receives a procurement contract or subcontract with any funds under this award, may require any employee or contractor to sign an internal confidentiality agreement or statement that prohibits or otherwise restricts, or purports to prohibit or restrict, the reporting (in accordance with law) of waste, fraud, or abuse to an investigative or law enforcement representative of a federal department or agency authorized to receive such information.

The foregoing is not intended, and shall not be understood by the agency making this award, to contravene requirements applicable to Standard Form 312 (which relates to classified information), Form 4414 (which relates to sensitive compartmented information), or any other form issued by a federal department or agency governing the nondisclosure of classified information.

1. In accepting this award, the recipient--

a. represents that it neither requires nor has required internal confidentiality agreements or statements from employees or contractors that currently prohibit or otherwise restrict (or purport to prohibit or restrict) employees or contractors from reporting waste, fraud, or abuse as described above; and

b. certifies that, if it learns or is notified that it is or has been requiring its employees or contractors to execute agreements or statements that prohibit or otherwise restrict (or purport to prohibit or restrict), reporting of waste, fraud, or abuse as described above, it will immediately stop any further obligations of award funds, will provide prompt written notification to the federal agency making this award, and will resume (or permit resumption of) such obligations only if expressly authorized to do so by that agency.

2. If the recipient does or is authorized under this award to make subawards ("subgrants"), procurement contracts, or both--

a. it represents that--

(1) it has determined that no other entity that the recipient's application proposes may or will receive award funds (whether through a subaward ("subgrant"), procurement contract, or subcontract under a procurement contract) either requires or has required internal confidentiality agreements or statements from employees or contractors that currently prohibit or otherwise currently restrict (or purport to prohibit or restrict) employees or contractors from reporting waste, fraud, or abuse as described above; and

(2) it has made appropriate inquiry, or otherwise has an adequate factual basis, to support this representation; and

b. it certifies that, if it learns or is notified that any subrecipient, contractor, or subcontractor entity that receives funds under this award is or has been requiring its employees or contractors to execute agreements or statements that prohibit or otherwise restrict (or purport to prohibit or restrict), reporting of waste, fraud, or abuse as described above, it will immediately stop any further obligations of award funds to or by that entity, will provide prompt written notification to the federal agency making this award, and will resume (or permit resumption of) such obligations only if expressly authorized to do so by that agency.



| U.S. Department of Justice Office of Justice Programs **Bureau of Justice Assistance** | **AWARD CONTINUATION SHEET** **Grant** | PAGE 8 OF 13 |
|---|---|---|

| PROJECT NUMBER | 2016-DJ-BX-0106 | AWARD DATE | 09/07/2016 |
|---|---|---|---|

*SPECIAL CONDITIONS*

21. Compliance with 41 U.S.C. 4712 (including prohibitions on reprisal; notice to employees)

   The recipient must comply with, and is subject to, all applicable provisions of 41 U.S.C. 4712, including all applicable provisions that prohibit, under specified circumstances, discrimination against an employee as reprisal for the employee's disclosure of information related to gross mismanagement of a federal grant, a gross waste of federal funds, an abuse of authority relating to a federal grant, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a federal grant.

   The recipient also must inform its employees, in writing (and in the predominant native language of the workforce), of employee rights and remedies under 41 U.S.C. 4712.

   Should a question arise as to the applicability of the provisions of 41 U.S.C. 4712 to this award, the recipient is to contact the DOJ awarding agency (OJP or OVW, as appropriate) for guidance.

22. Encouragement of policies to ban text messaging while driving

   Pursuant to Executive Order 13513, "Federal Leadership on Reducing Text Messaging while Driving," 74 Fed. Reg. 51225 (October 1, 2009), DOJ encourages recipients and subrecipients ("subgrantees") to adopt and enforce policies banning employees from text messaging while driving any vehicle during the course of performing work funded by this award, and to establish workplace safety policies and conduct education, awareness, and other outreach to decrease crashes caused by distracted drivers.

23. The recipient agrees to comply with OJP grant monitoring guidelines, protocols, and procedures, and to cooperate with BJA and OCFO on all grant monitoring requests, including requests related to desk reviews, enhanced programmatic desk reviews, and/or site visits. The recipient agrees to provide to BJA and OCFO all documentation necessary to complete monitoring tasks, including documentation related to any subawards made under this award. Further, the recipient agrees to abide by reasonable deadlines set by BJA and OCFO for providing the requested documents. Failure to cooperate with BJA's/OCFO's grant monitoring activities may result in sanctions affecting the recipient's DOJ awards, including, but not limited to: withholdings and/or other restrictions on the recipient's access to grant funds; referral to the Office of the Inspector General for audit review; designation of the recipient as a DOJ High Risk grantee; or termination of an award(s).

24. The recipient agrees to comply with applicable requirements to report first-tier subawards of $25,000 or more and, in certain circumstances, to report the names and total compensation of the five most highly compensated executives of the recipient and first-tier subrecipients of award funds. Such data will be submitted to the FFATA Subaward Reporting System (FSRS). The details of recipient obligations, which derive from the Federal Funding Accountability and Transparency Act of 2006 (FFATA), are posted on the Office of Justice Programs web site at http://ojp.gov/funding/Explore/FFATA.htm (Award condition: Reporting Subawards and Executive Compensation), and are incorporated by reference here. This condition, and its reporting requirement, does not apply to grant awards made to an individual who received the award as a natural person (i.e., unrelated to any business or non-profit organization that he or she may own or operate in his or her name).

25. Program income (as defined in the Part 200 Uniform Requirements) must be used in accordance with the provisions of the Part 200 Uniform Requirements. Program income earnings and expenditures both must be reported on the quarterly Federal Financial Report, SF 425.

OJP FORM 4000/2 (REV. 4-88)



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION SHEET**
**Grant**

PAGE 9 OF 13

| PROJECT NUMBER | 2016-DJ-BX-0106 | AWARD DATE | 09/07/2016 |

### SPECIAL CONDITIONS

26. In order to promote information sharing and enable interoperability among disparate systems across the justice and public safety community, OJP requires the grantee to comply with DOJ's Global Justice Information Sharing Initiative (DOJ's Global) guidelines and recommendations for this particular grant. Grantee shall conform to the Global Standards Package (GSP) and all constituent elements, where applicable, as described at: http://www.it.ojp.gov/gsp_grantcondition. Grantee shall document planned approaches to information sharing and describe compliance to the GSP and appropriate privacy policy that protects shared information, or provide detailed justification for why an alternative approach is recommended.

27. To avoid duplicating existing networks or IT systems in any initiatives funded by BJA for law enforcement information sharing systems which involve interstate connectivity between jurisdictions, such systems shall employ, to the extent possible, existing networks as the communication backbone to achieve interstate connectivity, unless the grantee can demonstrate to the satisfaction of BJA that this requirement would not be cost effective or would impair the functionality of an existing or proposed IT system.

28. The recipient agrees that any information technology system funded or supported by OJP funds will comply with 28 C.F.R. Part 23, Criminal Intelligence Systems Operating Policies, if OJP determines this regulation to be applicable. Should OJP determine 28 C.F.R. Part 23 to be applicable, OJP may, at its discretion, perform audits of the system, as per the regulation. Should any violation of 28 C.F.R. Part 23 occur, the recipient may be fined as per 42 U.S.C. 3789g(c)-(d). Recipient may not satisfy such a fine with federal funds.

29. Grantee agrees to comply with the requirements of 28 C.F.R. Part 46 and all Office of Justice Programs policies and procedures regarding the protection of human research subjects, including obtainment of Institutional Review Board approval, if appropriate, and subject informed consent.

30. Grantee agrees to comply with all confidentiality requirements of 42 U.S.C. section 3789g and 28 C.F.R. Part 22 that are applicable to collection, use, and revelation of data or information. Grantee further agrees, as a condition of grant approval, to submit a Privacy Certificate that is in accord with requirements of 28 C.F.R. Part 22 and, in particular, section 22.23.

31. Award recipients must verify Point of Contact(POC), Financial Point of Contact (FPOC), and Authorized Representative contact information in GMS, including telephone number and e-mail address. If any information is incorrect or has changed, a Grant Adjustment Notice (GAN) must be submitted via the Grants Management System (GMS) to document changes.

32. The grantee agrees that within 120 days of award acceptance, each current member of a law enforcement task force funded with these funds who is a task force commander, agency executive, task force officer, or other task force member of equivalent rank, will complete required online (internet-based) task force training. Additionally, all future task force members are required to complete this training once during the life of this award, or once every four years if multiple awards include this requirement. The training is provided free of charge online through BJA's Center for Task Force Integrity and Leadership (www.ctfli.org). This training addresses task force effectiveness as well as other key issues including privacy and civil liberties/rights, task force performance measurement, personnel selection, and task force oversight and accountability. When BJA funding supports a task force, a task force personnel roster should be compiled and maintained, along with course completion certificates, by the grant recipient. Additional information is available regarding this required training and access methods via BJA's web site and the Center for Task Force Integrity and Leadership (www.ctfli.org).

33. The recipient agrees to participate in BJA-sponsored training events, technical assistance events, or conferences held by BJA or its designees, upon BJA's request.



| U.S. Department of Justice<br>Office of Justice Programs<br>**Bureau of Justice Assistance** | **AWARD CONTINUATION<br>SHEET**<br>**Grant** | PAGE 10 OF 13 |
|---|---|---|

| PROJECT NUMBER | 2016-DJ-BX-0106 | AWARD DATE | 09/07/2016 |
|---|---|---|---|

*SPECIAL CONDITIONS*

34. Approval of this award does not indicate approval of any consultant rate in excess of $650 per day. A detailed justification must be submitted to and approved by the Office of Justice Programs (OJP) program office prior to obligation or expenditure of such funds.

35. The grantee agrees to assist BJA in complying with the National Environmental Policy Act (NEPA), the National Historic Preservation Act, and other related federal environmental impact analyses requirements in the use of these grant funds, either directly by the grantee or by a subgrantee. Accordingly, the grantee agrees to first determine if any of the following activities will be funded by the grant, prior to obligating funds for any of these purposes. If it is determined that any of the following activities will be funded by the grant, the grantee agrees to contact BJA.

    The grantee understands that this special condition applies to its following new activities whether or not they are being specifically funded with these grant funds. That is, as long as the activity is being conducted by the grantee, a subgrantee, or any third party and the activity needs to be undertaken in order to use these grant funds, this special condition must first be met. The activities covered by this special condition are:
    a. New construction;
    b. Minor renovation or remodeling of a property located in an environmentally or historically sensitive area, including properties located within a 100-year flood plain, a wetland, or habitat for endangered species, or a property listed on or eligible for listing on the National Register of Historic Places;
    c. A renovation, lease, or any proposed use of a building or facility that will either (a) result in a change in its basic prior use or (b) significantly change its size;
    d. Implementation of a new program involving the use of chemicals other than chemicals that are (a) purchased as an incidental component of a funded activity and (b) traditionally used, for example, in office, household, recreational, or education environments; and
    e. Implementation of a program relating to clandestine methamphetamine laboratory operations, including the identification, seizure, or closure of clandestine methamphetamine laboratories.

    The grantee understands and agrees that complying with NEPA may require the preparation of an Environmental Assessment and/or an Environmental Impact Statement, as directed by BJA. The grantee further understands and agrees to the requirements for implementation of a Mitigation Plan, as detailed at http://www.ojp.usdoj.gov/BJA/resource/nepa.html, for programs relating to methamphetamine laboratory operations.

    Application of This Special Condition to Grantee's Existing Programs or Activities: For any of the grantee's or its subgrantees' existing programs or activities that will be funded by these grant funds, the grantee, upon specific request from BJA, agrees to cooperate with BJA in any preparation by BJA of a national or program environmental assessment of that funded program or activity.

36. The recipient is required to establish a trust fund account. (The trust fund may or may not be an interest-bearing account.) The fund, including any interest, may not be used to pay debts or expenses incurred by other activities beyond the scope of the Edward Byrne Memorial Justice Assistance Grant Program (JAG). The recipient also agrees to obligate the grant funds in the trust fund (including any interest earned) during the period of the grant and expend within 90 days thereafter. Any unobligated or unexpended funds, including interest earned, must be returned to the Office of Justice Programs at the time of closeout.

37. JAG funds may be used to purchase vests for an agency, but they may not be used as the 50% match for purposes of the Bulletproof Vest Partnership (BVP) program.



| | U.S. Department of Justice<br>Office of Justice Programs<br>**Bureau of Justice Assistance** | **AWARD CONTINUATION<br>SHEET**<br>**Grant** | PAGE 11 OF 13 |
|---|---|---|---|

| PROJECT NUMBER | 2016-DJ-BX-0106 | AWARD DATE | 09/07/2016 |
|---|---|---|---|

### SPECIAL CONDITIONS

38. Ballistic-resistant and stab-resistant body armor purchased with JAG funds may be purchased at any threat level, make or model, from any distributor or manufacturer, as long as the vests have been tested and found to comply with applicable National Institute of Justice ballistic or stab standards and are listed on the NIJ Compliant Body Armor Model List (http://nij.gov). In addition, ballistic-resistant and stab-resistant body armor purchased must be American-made. The latest NIJ standard information can be found here: http://www.nij.gov/topics/technology/body-armor/safety-initiative.htm.

39. The recipient agrees to submit a signed certification that all law enforcement agencies receiving vests purchased with JAG funds have a written "mandatory wear" policy in effect. Fiscal agents and state agencies must keep signed certifications on file for any subrecipients planning to utilize JAG funds for ballistic-resistant and stab-resistant body armor purchases. This policy must be in place for at least all uniformed officers before any JAG funding can be used by the agency for body armor. There are no requirements regarding the nature of the policy other than it be a mandatory wear policy for all uniformed officers while on duty.

40. The recipient agrees to monitor subawards under this JAG award in accordance with all applicable statutes, regulations, OMB circulars, and guidelines, including the DOJ Financial Guide, and to include the applicable conditions of this award in any subaward. The recipient is responsible for oversight of subrecipient spending and monitoring of specific outcomes and benefits attributable to use of JAG funds by subrecipients. The recipient agrees to submit, upon request, documentation of its policies and procedures for monitoring of subawards under this award.

41. The recipient agrees that funds received under this award will not be used to supplant State or local funds, but will be used to increase the amounts of such funds that would, in the absence of Federal funds, be made available for law enforcement activities.

42. Award recipients must submit quarterly Federal Financial Reports (SF-425) and semi-annual performance reports through GMS (https://grants.ojp.usdoj.gov). Consistent with the Department's responsibilities under the Government Performance and Results Act (GPRA), P.L. 103-62, applicants who receive funding under this solicitation must provide data that measure the results of their work. Therefore, quarterly performance metrics reports must be submitted through BJA's Performance Measurement Tool (PMT) website (www.bjaperformancetools.org). For more detailed information on reporting and other JAG requirements, refer to the JAG reporting requirements webpage. Failure to submit required JAG reports by established deadlines may result in the freezing of grant funds and future High Risk designation.

43. Any law enforcement agency receiving direct or sub-awarded JAG funding must submit quarterly accountability metrics data related to training that officers have received on the use of force, racial and ethnic bias, de-escalation of conflict, and constructive engagement with the public.

44. BJA strongly encourages the recipient to submit annual (or more frequent) JAG success stories. To submit a success story, sign in to your My BJA account at https://www.bja.gov/Login.aspx to access the Success Story Submission form. If you do not yet have a My BJA account, please register at https://www.bja.gov/profile.aspx. Once you register, one of the available areas on your My BJA page will be "My Success Stories". Within this box, you will see an option to add a Success Story. Once reviewed and approved by BJA, all success stories will appear on the new BJA Success Story web page at https://www.bja.gov/SuccessStoryList.aspx.

45. Recipient understands and agrees that award funds may not be used for items that are listed on the Controlled Expenditure List at the time of purchase or acquisition, including as the list may be amended from time to time, without explicit written prior approval from BJA. The Controlled Expenditure List, and instructions on how to request approval for purchase or acquisitions may be accessed here: https://www.bja.gov/funding/JAGControlledPurchaseList.pdf



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET
Grant**

PAGE 12 OF 13

| PROJECT NUMBER | 2016-DJ-BX-0106 | AWARD DATE | 09/07/2016 |
|---|---|---|---|

*SPECIAL CONDITIONS*

46. The recipient understands that, pursuant to recommendation 2.1 of Executive Order 13688, law enforcement agencies that acquire controlled equipment through Federal programs must adopt robust and specific written policies and protocols governing General Policing Standards and Specific Controlled Equipment Standards. General Policing Standards includes policies on (a) Community Policing; (b) Constitutional Policing; and (c) Community Input and Impact Considerations. Specific Controlled Equipment Standards includes policies specifically related to (a) Appropriate Use of Controlled Equipment; (b) Supervision of Use; (c) Effectiveness Evaluation; (d) Auditing and Accountability; and (e) Transparency and Notice Considerations. Upon OJP's request, the recipient agrees to provide a copy of the General Policing Standards and Specific Controlled Equipment Standards, and any related policies and protocols.

47. Recipient understands and agrees that the purchase or acquisition of any item on the Controlled Expenditure List at the time of purchase or acquisition, including as the list may be amended from time to time, with award funds by an agency will trigger a requirement that the agency collect and retain (for at least 3 years) certain information about the use of 1) any federally-acquired Controlled Equipment in the agency's inventory, and 2) any other controlled equipment in the same category as the federally-acquired controlled equipment in the agency's inventory, regardless of source; and make that information available to BJA upon request. Details about what information must be collected and retained may be accessed here: https://www.whitehouse.gov/sites/default/files/docs/le_equipment_wg_final_report_final.pdf

48. Recipient understands and agrees that failure to comply with conditions related to Prohibited or Controlled Expenditures may result in a prohibition from further Controlled Expenditure approval under this or other federal awards.

49. Recipient understands and agrees that award funds may not be used for items that are listed on the Prohibited Expenditure List at the time of purchase or acquisition, including as the list may be amended from time to time. The Prohibited Expenditure list may be accessed here: https://www.bja.gov/funding/JAGControlledPurchaseList.pdf.

50. Recipient understands and agrees that, notwithstanding 2 CFR § 200.313, no equipment listed on the Controlled Expenditure List that is purchased under this award may be transferred or sold to a third party, except as described below:

   a. Agencies may transfer or sell any controlled equipment, except riot helmets and riot shields, to a Law Enforcement Agency (LEA) after obtaining prior written approval from BJA. As a condition of that approval, the acquiring LEA will be required to submit information and certifications to BJA as if it was requesting approval to use award fund for the initial purchase of items on the Controlled Expenditure List.
   b. Agencies may not transfer or sell any riot helmets or riot shields purchased under this award.
   c. Agencies may not transfer or sell any Controlled Equipment purchased under this award to non-LEAs, with the exception of fixed wing aircraft, rotary wing aircraft, and command and control vehicles. Before any such transfer or sale is finalized, the agency must obtain prior written approval from BJA. All law enforcement-related and other sensitive or potentially dangerous components, and all law enforcement insignias and identifying markings must be removed prior to transfer or sale.

   Recipient further understands and agrees to notify BJA prior to the disposal of any items on the Controlled Expenditure List purchased under this award, and to abide by any applicable laws and regulations in such disposal.



| | U.S. Department of Justice<br>Office of Justice Programs<br>**Bureau of Justice Assistance** | **AWARD CONTINUATION<br>SHEET**<br>**Grant** | PAGE 13 OF 13 |
|---|---|---|---|

| PROJECT NUMBER | 2016-DJ-BX-0106 | AWARD DATE | 09/07/2016 |
|---|---|---|---|

*SPECIAL CONDITIONS*

51. Recipient integrity and performance matters: Requirement to report information on certain civil, criminal, and administrative proceedings to SAM and FAPIIS

The recipient must comply with any and all applicable requirements regarding reporting of information on civil, criminal, and administrative proceedings connected with (or connected to the performance of) either this OJP award or any other grant, cooperative agreement, or procurement contract from the federal government. Under certain circumstances, recipients of OJP awards are required to report information about such proceedings, through the federal System for Award Management (known as "SAM"), to the designated federal integrity and performance system (currently, "FAPIIS").

The details of recipient obligations regarding the required reporting (and updating) of information on certain civil, criminal, and administrative proceedings to the federal designated integrity and performance system (currently, "FAPIIS") within SAM are posted on the OJP web site at http://ojp.gov/funding/FAPIIS.htm (Award condition: Recipient Integrity and Performance Matters, including Recipient Reporting to FAPIIS), and are incorporated by reference here.

52. Submission of compliance validation:
The recipient agrees to undertake a review to validate its compliance with 8 U.S.C § 1373. If the recipient determines that it is in compliance with 8 U.S.C § 1373 at the time of review, then it must submit documentation that contains a validation to that effect and includes an official legal opinion from counsel (including related legal analysis) adequately supporting the validation. If the recipient determines that it is not in compliance with 8 U.S.C. § 1373 at the time of review, then it must take sufficient and effective steps to bring it into compliance therewith and thereafter submit documentation that details the steps taken, contains a validation that the recipient has come into compliance, and includes an official legal opinion from counsel (including related legal analysis) adequately supporting the validation. Documentation must be submitted via GMS to BJA by June 30, 2017. Failure to comply with this condition could result in the withholding of grant funds, suspension or termination of the grant, ineligibility for future OJP grants or subgrants, or other administrative, civil, or criminal penalties, as appropriate.