**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CITY OF CHICAGO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-CV-5720 |
| v. | ) | |
| | ) | Honorable Harry D. Leinenweber |
| JEFFERSON BEAUREGARD SESSIONS III, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES CONFERENCE OF MAYORS' MOTION TO INTERVENE**

Pursuant to Federal Rule of Civil Procedure 24, The United States Conference of Mayors (the "Conference"), by its attorneys, Brian C. Haussmann and John M. Fitzgerald of Tabet DiVito & Rothstein LLC, respectfully moves this Court for leave to intervene in this action to asserts its rights as a co-plaintiff with the City of Chicago. In support of this motion, the Conference states as follows:

**INTRODUCTION AND BACKGROUND**

1. The Conference files this motion to protect its interest in this litigation and prevent an extraordinary and entirely avoidable waste of judicial resources.

2. The Conference is the official non-partisan organization of U.S. cities with populations of 30,000 or more. There are 1,408 such cities in the country today. Each city is represented in the Conference by its chief elected official, the Mayor. Conference members speak with a united voice on organizational policies and goals, and they adopt policy positions that collectively represent the views of the nation's mayors. The Conference has adopted such a policy opposing punitive sanctuary jurisdiction policies such as those challenged in this action.

3. On August 7, 2017, the City of Chicago ("Chicago"), one of the Conference's members, filed this action seeking declaratory and injunctive relief. (Docket ("Dkt.") 1.)

Chicago sought to invalidate three unauthorized and unconstitutional conditions concerning federal immigration enforcement that Defendant was placing on the receipt of federal law enforcement funds under the Edward Byrne Memorial Justice Assistance Grant ("Byrne JAG").

4. On August 10, 2017, Chicago moved for a preliminary injunction to enjoin the challenged conditions. (Dkt. 21, 22.)

5. On August 31, 2017, the Conference joined an *amicus curiae* brief in support of Chicago's motion. (Dkt. 51.) In addition to the Conference, the brief was filed on behalf of the County of Santa Clara, California; 36 additional cities, counties and municipal agencies; the National League of Cities; the National Association of Counties; the International Municipal Lawyers Association; and the International City/County Management Association.

6. In their brief, the Conference and other *amici* emphasized that (a) the conditions Defendant was placing on the receipt of Byrne JAG funds undermined the ability of law enforcement agencies in cities and other jurisdictions nationwide to adopt policies tailored to the needs of their communities, (b) Mayors and Chiefs of Police in diverse jurisdictions around the country have concluded that restricting local involvement in federal immigration enforcement promotes public safety, and (c) that the Byrne JAG conditions have created uncertainty and operational challenges for jurisdictions nationwide. The Conference and its fellow *amici* concluded: "A nationwide injunction is needed to halt DOJ's unlawful effort to impose these conditions on local jurisdictions and to protect the safety of communities across the country." (Dkt. 51 at 15.)

7. On September 15, 2017, the Court granted Chicago's motion for a preliminary injunction as to two of the three challenged conditions (the "notice" and "access" conditions), finding that Defendant lacked statutory authority to impose them on grant applicants. (Dkt. 78.) Defendant argued that in the exercise of its equitable powers, the Court should restrict any

injunction to Chicago alone (*see* Dkt. 32 at 25), but the Court rejected Defendant's argument, holding: "This injunction against imposition of the notice and access conditions is nationwide in scope, there being no reason to think that the legal issues present in this case are restricted to Chicago or that the statutory authority given to the Attorney General would differ in another jurisdiction." (Dkt. 78 at 41, citation omitted.)

8. On September 26, 2017, Defendant filed a notice of appeal from the Court's injunction order and a motion to stay nationwide application of the injunction. (Dkt. 79-81.)

9. In his stay motion, Defendant argues for the first time that Article III of the Constitution precludes the Court from granting a nationwide injunction because Chicago is the only plaintiff. (*See* Dkt. 81 at 4-5.) Defendant is incorrect as a matter of law. *See, e.g.*, *Int'l Refugee Assistance Project v. Trump*, 857 F.3d 554, 605 (4th Cir. 2017); *County of Santa Clara v. Trump*, No. 17-CV-00485, 2017 WL 1459081, at *29 (N.D. Cal. Apr. 25, 2017).

10. Accepting Defendant's argument would also cause extreme hardship to the Conference and its members nationwide. Defendant effectively argues that each grant applicant must individually sue to enjoin the same unauthorized conditions from impacting their own Byrne JAG awards. This would unnecessarily burden the Conference and the over 1,400 cities it represents by requiring hundreds of costly and time-consuming lawsuits to enjoin the same unauthorized conditions that apply uniformly across the country. It would also burden the courts, both in this district and around the country, with hundreds of needless lawsuits.

11. Accordingly, on September 28, 2017, the undersigned counsel for the Conference appeared at the presentment of Defendant's motion to stay and alerted the Court that the Conference intended to seek leave to intervene in this action.

12. For these reasons and those set forth below, the Court should grant the Conference leave to intervene in this action and grant it leave to file *instanter* the complaint

attached as Exhibit 1 to this motion. Additionally, upon the Court's granting the Conference's intervention, the Conference will seek entry of a nationwide injunction of the "notice" and "access" conditions for the reasons already advanced by Chicago and ordered by this Court.

## ARGUMENT

### I. The Court should grant the Conference leave to intervene as of right under Rule 24(a)(2).

13. Federal Rule of Civil Procedure 24(a)(2) provides:

> On timely motion, the court must permit anyone to intervene who . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Rule 24(a) is construed liberally, with all doubts resolved in favor of intervention. *Michigan v. United States Army Corps of Engineers*, No. 10-CV-4457, 2010 WL 3324698, at *2 (N.D. Ill. Aug. 20, 2010). All non-conclusory allegations of the motion and pleading are taken as true. *Lake Investors Development Group v. Egidi Development Group*, 715 F.2d 1256, 1258 (7th Cir. 1983). The Court should not deny a motion to intervene "unless it appears to a certainty that the intervenor is not entitled to relief under any set of facts which could be proved under the complaint." *Id.*

14. The Conference meets each of the requirements of Rule 24(a)(2).

15. First, the Conference claims an interest in the matters at issue in this lawsuit. "In ascertaining a potential intervenor's interest in a case, our cases focus on the issues to be resolved by the litigation and whether the potential intervenor has an interest in those issues." *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 322 (7th Cir. 1995). Here, the Conference and its member cities, both in this Court's district and nationwide, have an interest in protecting their

local law enforcement decisions against the same unauthorized conditions at issue in this lawsuit, which Defendant also seeks to impose upon them.

16. Second, the Conference and its members' ability to protect their interests would be substantially impaired if they were not permitted to intervene, because they would potentially have to file over a thousand additional lawsuits to vindicate the same rights at issue here. Such potential for impairment satisfies Rule 24(a)(2). *See Flying J., Inc. v. J.B. Van Hollen*, 578 F.3d 569, 573 (7th Cir. 2009) (granting intervention because "to make the association start over . . . would impose substantial inconvenience on the association with no offsetting gain that we can see"); *Revelis v. Napolitano*, 844 F. Supp. 2d 915, 924-25 (N.D. Ill. 2012) (granting intervention where a party's rights "would potentially be impaired") (Leinenweber, J.)

17. Third, Defendant's motion for a stay specifically challenge's Chicago's ability to adequately represent the Conference's interest in a nationwide injunction. Thus, while Chicago has adequately and properly sought such relief to date, because of that challenge, intervention is required. A showing that representation of the intervenor's interest may be inadequate, or may become inadequate, is sufficient to authorize intervention by the Conference. *See Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n. 10 (1972) (intervenor must only show "that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal" (citation omitted)); *Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 441 (N.D. Ill. 1996) (allowing associations of builders to intervene in challenge to City Ordinance even though City was advancing their interests "at this point in the litigation" because there was a possibility that their interests could diverge).

18. Here, Defendant's stay motion contests this Court's grant of relief only as to cities *other than* Chicago – *i.e.*, the Conference's other member cities. Moreover, Defendant now contests the suitability of this lawsuit as a vehicle for nationwide relief from the Attorney

5

General's unlawful conditions. That argument is incorrect as a matter of law. However, by raising an argument that, if accepted, would render Chicago unable to protect the Conference's interests, Defendant has created the necessary conditions to meet Rule 24's "minimal" requirement for intervention as of right. *See Trbovich*, 404 U.S. at 538 n. 10. Thus, the Conference must be permitted to intervene to defend its interests.

19. Fourth, the Conference's motion is timely. A motion to intervene is timely where the moving party acts reasonably given the circumstances. *Reich*, 64 F.3d at 321. In evaluating timelines, the Court should consider whether either party will suffer prejudice. *Id.*; *South v. Rowe*, 759 F.2d 610, 612-13 (7th Cir. 1985). In this case, the Conference supported Chicago's motion for a nationwide preliminary injunction by timely filing an *amicus* brief on August 31. Defendant argued for the first time in its September 26 motion to stay that Chicago lacked standing to pursue nationwide relief—its opposition to Chicago's injunction motion made no such argument. Thus, the Conference did not recognize, and could not reasonably have recognized, a need to intervene until September 26. Thereafter, the Conference acted promptly. It appeared before the Court through counsel two days after the motion was filed and, with the Court's approval, filed this motion and the Conference's proposed complaint (Exhibit 1) only eight days later. This motion is therefore timely. *See Reich*, 64 F.3d at 321 ("we determine timeliness from the time the potential intervenors learn that their interest might be impaired").

20. Moreover, the Conference seeks only to protect its members' rights to rely upon this Court's nationwide injunction and the ultimate declaratory and injunctive relief sought by Chicago in this action, and will not otherwise expand the scope of this action. This case is not at an advanced stage. Indeed, Defendant has not yet answered Chicago's complaint and just last week asked for an additional 45 days within which to do so. As such, the Conference's intervention will cause Defendant no prejudice. By contrast, the Conference would be severely

prejudiced if not permitted to intervene. *See South*, 759 F.2d at 612 n. 2 (requiring the intervenor to file another lawsuit was prejudicial because "such a suit would be costly [and] would result in further delays"). Not only would the Conference and its members have to file additional lawsuits, but doing so would add significant complexity and serious delay to the administration of the Byrne JAG grants. Defendant concedes that any such delay would be harmful to program applicants. (*See* Dkt. 81 at 7-9.)

21. Denying intervention would, moreover, force the parties and the Seventh Circuit to expend significant resources addressing legal questions that can be fully obviated by the Conference's intervention. Under all these circumstances, the Conference should be allowed to intervene as of right.

## II. Alternatively, the Court should permit the Conference to intervene under Rule 24(b).

22. Regardless of whether a party has a right to intervene under Rule 24(a), the Court "may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact," unless intervention would "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b). At a minimum, permissive intervention is appropriate in this case.

23. The Conference seeks to pursue the same claims on behalf of its members that Chicago has thus far advanced and, for the reasons set forth above, *see supra* at ¶¶ 17-18, the Conference's participation in this action will not cause prejudice or undue delay. Permissive intervention is therefore appropriate here. *Cf. City of Chicago v. Federal Emergency Management Agency*, 660 F.3d 980, 986 (7th Cir. 2011) (district court's refusal to grant permissive intervention was unreasonable where intervention "could not have produced net delay when one considers that allowing [intervenors] into this litigation might head off a second suit.").

WHEREFORE, the United States Conference of Mayors respectfully requests that the Court grant it leave to intervene in this matter and to file *instanter* the complaint attached as Exhibit 1 to this motion, and that the Court grant such further relief as the Court deems necessary and just under the circumstances.

Dated: October 6, 2017          Respectfully submitted,

Brian C. Haussmann (ARDC # 6283054)    THE UNITED STATES CONFERENCE OF
John M. Fitzgerald (ARDC # 6282859)      MAYORS
TABET DIVITO & ROTHSTEIN LLC
209 South LaSalle Street, 7th Floor
Chicago, IL 60604                   By: /s Brian C. Haussmann
Telephone: (312) 762-9450               One of Its Attorneys
Facsimile: (312) 762-9451
bhaussmann@tdrlawfirm.com
jfitzgerald@tdrlawfirm.com