UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE CITY OF CHICAGO,<br><br>*Plaintiff,*<br><br>v.<br><br>JEFFERSON BEAUREGARD SESSIONS III,<br>Attorney General of the United States<br><br>*Defendant.* | Civil Action No. 1:17-cv-5720<br><br>Hon. Harry D. Leinenweber |

**CHICAGO'S MOTION FOR PARTIAL RECONSIDERATION**

Plaintiff City of Chicago ("Chicago" or the "City"), by its counsel, hereby moves for partial reconsideration of this Court's September 15, 2017 Order, granting in part and denying in part Chicago's motion for a preliminary injunction restraining Defendant Jefferson Beauregard Sessions III, the Attorney General of the United States, from imposing new and unlawful conditions on FY 2017 Byrne JAG funds. In support hereof, Plaintiff states as follows:

1. Plaintiff's Complaint seeks to enjoin Defendant from imposing unauthorized and unconstitutional conditions on an established grant program—the Edward Byrne Memorial Justice Assistance Grant ("Byrne JAG") program—that Plaintiff has relied on for over a decade to promote public safety. These conditions seek to undermine the established public safety policies of cities like Chicago.

2. In particular, the new conditions would require Plaintiff to (1) provide at least 48 hours' advance notice to the Department of Homeland Security ("DHS") regarding the scheduled release date and time of a non-citizen in the jurisdiction's custody when DHS requests such notice in order to take custody of the non-citizens pursuant to the Immigration and Nationality Act,

-1-

(2) permit DHS personnel to access any correctional or detention facility in order to meet with a non-citizen (or an individual believed to be a non-citizen) and inquire as to his or her right to be or remain in the United States, and (3) certify compliance with 8 U.S.C. § 1373.

3. On September 15, 2017, the Court issued a preliminary injunction "against the Attorney General's imposition of the notice and access conditions." PI Op. 40-41. Those conditions, this Court held, "exceed statutory authority, and, consequently, the efforts to impose them violate the separation of powers doctrine and are *ultra vires*." *Id.* at 19. Additionally, those conditions would wreak "irreparable harm if an injunction does not issue." *Id.* at 41.

4. In that same order, the Court declined to enjoin the § 1373 condition, which Chicago contends is a violation of Tenth Amendment anti-commandeering principles. Relying on repeated representations from the Attorney General that § 1373 neither authorizes federal authorities to insist on receiving notice before Chicago releases a detainee nor imposes any other affirmative obligation on Chicago, *see, e.g.*, Oral Arg. Tr. 59:7-11 (DOJ Attorney: "[A]ffirmative obligations to actually go and employ the regulatory system would be one thing, but 1373 doesn't require that at all."), this Court held that Chicago had not shown a likelihood of success on the merits. "[O]nly affirmative demands on states," this Court said, "constitute a violation of the Tenth Amendment." PI Op. 35. And § 1373, according to both its literal text and the Government's assurances regarding its implementation, "imposes no affirmative obligation on local governments." *Id.* at 34.

5. On October 12, 2017, however—just a day before the time to file a Rule 59(e) motion for reconsideration expired—the Department issued a letter to Chicago contradicting its earlier representations to this Court. First, the Letter requires Chicago to take affirmative action and "communicate" with its employees that they are free on City-time to enforce federal immigration law by sharing immigration status information with federal authorities. Second, the Letter makes plain that the Department will seek to use the Section 1373 condition far more expansively than

previously disclosed—to require not only cooperation in the sharing of immigration status information, but also information concerning general custody status and release dates (and presumably other information unrelated to immigration status).

6. Chicago makes this Motion for Partial Reconsideration on the ground that the Department's contradiction of its earlier representations—representations that formed a key basis for this Court's decision that § 1373 likely did not violate anti-commandeering principles—justifies reconsideration of this Court's denial of a preliminary injunction of the § 1373 condition. And on reconsideration, this Court should enjoin the imposition of the grant condition requiring certification of compliance with § 1373. These points are described in detail in Chicago's accompanying Memorandum in Support and supporting materials.

WHEREFORE, Plaintiff respectfully requests that this Court partially reconsider its September 15, 2017 Order and enjoin the Attorney General from imposing the § 1373 condition on FY 2017 Byrne JAG funds.

October 13, 2017.

JAMIE S. GORELICK (*pro hac* vice pending)
DAVID W. OGDEN (*pro hac vice* pending)
ARI HOLTZBLATT (*pro hac vice* pending)
ARI SAVITZKY (*pro hac vice* pending)
MOLLY JENNINGS (*pro hac vice* pending)
BRIDGET FAHEY* (*pro hac vice* pending)
WILMER CUTLER PICKERING HALE
   AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000

DEBO P. ADEGBILE (*pro hac vice* pending)
WILMER CUTLER PICKERING HALE
   AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

* Admitted to practice only in Colorado. Supervised by members of the firm who are members of the District of Columbia Bar

Respectfully Submitted,

By  /s/ Edward N. Siskel
EDWARD N. SISKEL
Corporation Counsel of the City of Chicago
JUSTIN A. HOUPPERT
Assistant Corporation Counsel
SCOTT D. SPEARS
Assistant Corporation Counsel
121 N. LaSalle Street, Suite 600
Chicago, IL 60602
(312) 744-0220
edward.siskel@cityofchicago.org

ANDREW W. WORSECK
Chief Assistant Corporation Counsel
30 N. LaSalle Street, Suite 1230
Chicago, IL 60602
(312) 744-0220

RONALD S. SAFER
MATTHEW C. CROWL
NICK KAHLON
LAURA KLEINMAN
RILEY SAFER HOLMES & CANCILA LLP
Three First National Plaza
70 West Madison Street, Suite 2900
Chicago, IL 60602
(312) 471-8700

*Attorneys for the City of Chicago*

## CERTIFICATE OF SERVICE

On the 13th day of October, 2017, I electronically filed the foregoing using the Court's CM/ECF system. Counsel for all parties are registered CM/ECF users and will be served by that system.

/s/ Edward N. Siskel
EDWARD N. SISKEL
