# Exhibit A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERSON BEAUREGARD SESSIONS, et al.,<br><br>Defendants. | Case No. 17-cv-04642-WHO<br><br>**ORDER DENYING MOTION TO INTERVENE**<br><br>Re: Dkt. No. 20 |

## INTRODUCTION

The City of Los Angeles ("Los Angeles") has moved to intervene in this case as a permissive intervenor. Motion to Intervene ("Mot.") (Dkt. No. 20). Pursuant to Civil Local Rule 7-1(b), this matter is appropriate for resolution without oral argument, and the October 11, 2017 hearing is VACATED. For the reasons discussed below, Los Angeles' motion to intervene is DENIED.[1]

## LEGAL STANDARD

Under Ninth Circuit precedent, a party must satisfy three threshold elements for a court to grant permissive intervention under Rule 24(b): (1) the moving party must have an independent ground for jurisdiction; (2) it must bring a timely motion; and (3) it must demonstrate that it "has a claim or defense that shares with the main action a common question of law or fact." *Blum v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 712 F.3d 1349, 1353 (9th Cir. 2013) (citing Fed. R. Civ. P. 24(b)(1)). If these elements are met, the court may grant permissive intervention at its discretion. *Id.*

---

[1] Los Angeles' Motion to Shorten Time is dismissed as moot given the denial of permissive intervention.

**DISCUSSION**

Los Angeles asserts that it meets the three threshold requirements for permissive intervention and asks this court to exercise its discretion to allow it to intervene in this case. Mot. at 8-9. Because I am exercising my discretion to decline to allow Los Angeles to intervene in this case, I do not address whether it meets the threshold requirements for permissive intervention.

Los Angeles provides two justifications in support of its intervention in this case: (1) to conserve judicial resources and avoid potential conflicting rulings and overlapping injunctions; and (2) to permit the court to consider this case "in light of differing local policies." Mot. at 9.

I am not convinced that these issues weigh in favor of granting Los Angeles' motion to intervene. The fundamental problem with the motion is that it upends established venue and forum rules. By their nature, these rules result in different lower courts deciding similar legal issues, sometimes with divergent results. Such differences are appropriately reconciled by higher courts. Given that the conditions at issue in this case affect several other jurisdictions across the United States, I am not persuaded by Los Angeles' argument that its intervention in this case would "avoid the potential of conflicting rulings and potentially overlapping injunctions."

To state the obvious, the City of Los Angeles lies in the Central District of California. If I grant intervention for Los Angeles, I cannot conceive of a limiting principle to deny intervention to any other potentially affected governmental entity in the State, or even the country. Similar cases are already proceeding in Chicago and Philadelphia. Los Angeles indicated, understandably, that its relevant policies are different than those of San Francisco. I assume that would be true for virtually every jurisdiction. So while I suspect that the legal analyses for similar cases will overlap, they may not be identical because of the difference in the policies and practices of each governmental entity. And while cases within a particular venue may be related to a single judge pursuant to the Local Rules, it seems imprudent at best to allow all comers to bring their cases in one court, regardless of venue, unless the Judicial Panel on Multi District so ordered.

Because Los Angeles' participation in this case as a party would conflict with traditional venue and forum rules, its motion to intervene as a permissive intervenor is DENIED.

# CONCLUSION

For the reasons outlined above, Los Angeles' motion to intervene is DENIED.

**IT IS SO ORDERED.**

Dated: September 11, 2017

William H. Orrick
United States District Judge

3