UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE CITY OF CHICAGO, <br><br> *Plaintiff*, <br><br> v. <br><br> JEFF SESSIONS, Attorney General of the United States, <br><br> *Defendant*. | Civil Action No. 1:17-cv-05720 <br><br> Hon. Harry D. Leinenweber |

### DECLARATION OF ARJUN GARG

Pursuant to 28 U.S.C. § 1746, I, Arjun Garg, declare as follows:

1. I am a Trial Attorney in the Federal Programs Branch of the Civil Division of the U.S. Department of Justice. I represent the Defendant in the above-captioned lawsuit.

2. I provide this declaration in support of Defendant's request under Federal Rule of Civil Procedure 56(d), to explain why Defendant cannot present facts essential to justify his opposition to Plaintiff the City of Chicago's motion for summary judgment as to the City's claim for a declaration that the City complies with 8 U.S.C. § 1373, in the event that the Court determines that the City's claim survives Defendant's pending motion to dismiss. The declaration sets forth topics on which Defendant would take discovery, why those topics would be material in resolving the City's motion for summary judgment on this claim, and how any information Defendant obtains through discovery might be expected to create an issue of material fact (or warrant summary judgment in Defendant's favor).

3. I base this declaration on my personal knowledge, as well as on information that I acquired while performing my official duties.

1

4.      No Rule 26(f) conference has been held in this matter, no Rule 16 scheduling order has been issued, initial disclosures have not been exchanged, and discovery has not commenced. Having moved to dismiss the City's claim for declaratory relief as facially inadequate, the Department has not as yet sought to take discovery on that claim, and doing so would be inefficient before the motion to dismiss is decided.

5.      The City asserts that it has no official policies that violate 8 U.S.C. § 1373. In the event that the City's contention of facial compliance survives Defendant's pending motion to dismiss, discovery on the City's claim for declaratory relief will be necessary before adjudicating summary judgment, because the City's compliance with Section 1373 turns not only on the face of the City's policies, but also on the City's actual practices and conduct in implementing those policies.

6.      Further factual development would be required before an adjudication could be made that the City's practices, beyond the face of the City's policies, comply with Section 1373. *See Nashville, Chattanooga & St. Louis Ry. v. Browning*, 310 U.S. 362, 369 (1940) ("It would be a narrow conception of jurisprudence to confine the notion of 'laws' to what is found written on the statute books, and to disregard the gloss which life has written upon it. Settled state practice . . . can establish what is state law.").

7.      Importantly, Section 1373 speaks not only to enacted local policies, but also to any restriction on information-sharing by any "entity or official." The City's claim entitles the Department to explore, beyond what is promulgated as official policy, the day-to-day reality of what is understood and practiced among the rank-and-file. The City would violate Section 1373, regardless whether the City's policies facially comply with that statute, if in practice City personnel do not enjoy the protection that Section 1373 provides.

8. The evidentiary material submitted by the City in support of summary judgment demonstrates that there can be divergence between the City's official policy and City personnel's working understanding.

9. The City submits a declaration by a veteran police Lieutenant averring that "[i]t is our engrained practice not" to "ask for or investigate a person's immigration status" and that "cooperation . . . with immigrant communities would be materially damaged if the Chicago Police Department were to begin investigating peoples' immigration status." Hannigan Decl. (Dkt. No. 155) ¶¶ 4-5. Yet the Chicago Police Department's Special Order S06-14-03 (Dkt. No. 157-6) provides in Section V.C that "Department members may seek information on immigration status during the course of an investigation" under certain circumstances.

10. Just as the City's submitted declaration indicates a working practice that may diverge from what City policy facially contemplates, discovery is needed to explore whether other such discrepancies exist that go to the City's compliance with Section 1373. The record that the City has unilaterally compiled for adjudication of summary judgment on this claim is inadequate to make any comprehensive declaratory ruling that the City complies with Section 1373.

11. The nature of anticipated discovery discussed above is illustrative, and not necessarily exhaustive. Discovery presumably will be shaped by the Court's ruling on Defendant's pending motion to dismiss. Defendant moreover reserves all rights to take discovery on additional topics, including such other topics as Defendant may become aware of in the course of discovery.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 28, 2018

_____
Arjun Garg