UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **THE CITY OF CHICAGO,** *Plaintiff*, v. **JEFF SESSIONS, Attorney General of the United States,** *Defendant.* | Civil Action No. 1:17-cv-05720  Hon. Harry D. Leinenweber |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT REGARDING ENTRY OF FINAL JUDGMENT AND RULE 65 INJUNCTION**

The defendant respectfully submits the following response to Plaintiff City of Chicago's Statement Regarding Entry of Final Judgment and Rule 65 Injunction (Dkt. No. 209):

In certain important respects, the Final Judgment and Order proposed by the plaintiff must be modified before entry. Two aspects of plaintiff's proposal – termination of the stay of nationwide relief and the addition of relief regarding future grant years – would extend this Court's permanent injunction beyond the Memorandum Opinion and Order of July 27, 2018 (Dkt. No. 198). The Court of Appeals' order of August 10, 2018, however, merely requires the Court to issue a separate document under Rule 65 of the Federal Rules of Civil Procedure setting forth "the precise scope of the injunction"; the appellate court did not contemplate that this Court would revisit the scope of the July 27 order. Order, Aug. 10, 2018 (7th Cir. Case No. 17-2991, Dkt. No. 154) at 3.

First, defendant vigorously objects to plaintiff's proposal to lift the stay of the nationwide aspect of this Court's permanent injunction. The Court of Appeals' order of August 10 clearly contemplates that the stay will remain in place. The court observed:

> The dismissal of appeal No. 17-2991 [defendant's appeal from the preliminary injunction] will not have any immediate effect on the parties' positions, because the nationwide injunction *will remain stayed* by this court's order until No. 17-2991 is dismissed, and after the Rule 65 permanent injunction is entered, the nationwide effect of the new injunction *will remain stayed* until further order of this court pursuant to the district court's stay.

*Id*. (emphasis added).

Plaintiff argues that this Court should "lift its stay of [the] nationwide scope of the permanent injunction, now that the *en banc* proceeding previously scheduled for September 6 has been vacated." Dkt. No. 209 at 3. But that *en banc* proceeding was vacated by the very same appellate order quoted above, which observed that the nationwide scope of the injunction "will remain stayed." Additionally, the *en banc* proceeding was vacated only because of mootness. The Court of Appeals obviously did not contemplate that the cancelation of that proceeding would "have any immediate effect on the parties' positions" or otherwise change the status quo. Moreover, the Seventh Circuit's *en banc* stay of the nationwide aspect of this Court's preliminary injunction plainly indicated that the appellate court believes such a stay is necessary and appropriate.

Further, in opposing defendant's petition for *en banc* appellate review regarding the scope of this Court's permanent injunction, plaintiff relied on the stay of nationwide relief, arguing that, in light of the stay, "the Attorney General would suffer no prejudice from following normal procedures" (Attachment 1 hereto at 3). That opposition was one basis for the Court of Appeals' order of August 10. Plaintiff should not be permitted to get the *en banc* proceeding vacated because of the stay, then to get the stay lifted because the *en banc* proceeding has been vacated. Therefore, this Court's permanent injunction should state that its nationwide reach is stayed pending appeal.

Second, the Court should reject plaintiff's attempt to expand its relief beyond the Byrne

JAG conditions for Fiscal Year 2017. Plaintiff's complaint seeks relief regarding "all three immigration-related conditions for the FY 2017 Byrne JAG," Dkt. No. 1 at 45, and the Court's Memorandum Opinion and Order enjoined those conditions. Plaintiff's proposed judgment, however, would enjoin the defendant not only from imposing those conditions for FY 2017 grants but also from "placing the Challenged Conditions on the FY 2018 Byrne JAG grant or any subsequent Byrne JAG grant unless granted additional statutory authority to do so." Dkt. No. 209-1 at 3. The Court cannot grant relief beyond that sought in the complaint.

In any event, it would be premature to address or, especially, to enjoin the 2018 Byrne JAG conditions at this time. The Office of Justice Programs has not yet issued Byrne JAG award documents containing the conditions for FY 2018. Additionally, the 2018 Byrne JAG solicitation suggests that those conditions will be different from the conditions considered and enjoined by this Court, such that the constitutionality of the 2018 conditions would have to be analyzed separately (Attachment 2 hereto at 36-37).

Third, the judgment in this action should contain language permitting the defendant to include the challenged conditions in the FY 2017 award documents but not to enforce them in relation to the plaintiff. The conditions must be included in the award documents in order to make the conditions an enforceable part of the awards when and if the Court's permanent injunction no longer prohibits their enforcement. The court in *Philadelphia v. Sessions*, Case No. 2:17-cv-03894-MMB (E.D. Pa.), recently included such language in its final judgment regarding the Byrne JAG conditions, enjoining the defendant from "enforcing" the challenged conditions, "regardless of whether those conditions are included in the City's FY 2017 award documents" (Attachment 3 hereto).

Fourth, this Court's final judgment should include a reference to Rule 65. The Court of Appeals' order specifically directed the Court to enter a "Rule 65 permanent injunction," but plaintiff's proposed Final Judgment and Order says nothing about Rule 65. Therefore, the "Permanent Injunction" section of the proposed judgment should be amended to state that the injunction is being entered pursuant to Rule 65 of the Federal Rules of Civil Procedure.

Less importantly, defendant points out two typographical issues in plaintiff's proposed document:

- "Memorandum and Opinion" on page 3 should be changed to "Memorandum Opinion and Order," and

- The last sentence of Part II should be changed to read, "Its effects run to the benefit of all Byrne JAG applicants and recipients, and are not limited to the City of Chicago and its sub-grantees."

In commenting on plaintiff's proposed Final Judgment and Order, defendant does not waive his right to appeal the Court's judgment and permanent injunction or to object to any aspect of them.

Dated: August 14, 2018

                                      Respectfully submitted,

                                      CHAD A. READLER
                                      Acting Assistant Attorney General

                                      JOHN R. LAUSCH, JR.
                                      United States Attorney

                                      JOHN R. TYLER
                                      Assistant Director

          s/ W. Scott Simpson
          _____

          W. SCOTT SIMPSON
          Senior Trial Counsel

          Department of Justice, Civil Division
          318 South Sixth Street, Room 244
          Springfield, Illinois 62701
          Telephone:   (202) 514-3495
          Facsimile:   (217) 492-4888
          E-mail:   scott.simpson@usdoj.gov

          COUNSEL FOR DEFENDANT