IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THE CITY OF CHICAGO,

                Plaintiff,

        v.

JEFFERSON BEAUREGARD
SESSIONS III, Attorney
General of the United States,

                Defendant.

Case No. 17 C 5720

Judge Harry D. Leinenweber

## FINAL JUDGMENT AND ORDER

Now, this 15th day of August, for the reasons set forth in the Court's Memorandum Opinion dated July 27, 2018 (Dkt. 198), it is hereby **ORDERED** that final judgment be entered in favor of Chicago and against the Attorney General. Consistent with Federal Rule of Civil Procedure 65 and 5 U.S.C. § 706, the Court grants the City injunctive relief as set forth below.

Through this lawsuit, the City challenges Attorney General's decision to attach three Conditions to the FY 2017 Edward Byrne Memorial Justice Assistance Grant, specifically:

1. The "Access Condition" requires that Byrne JAG recipients permit personnel of the U.S. Department of Homeland Security to access any detention facility to meet with undocumented immigrants and inquire as to their right to be or remain in the United States.

2.  The "Notice Condition" requires that Byrne JAG recipients provide DHS at least 48 hours advance notice of the scheduled release date and time of an alien in the jurisdiction's custody whenever DHS requests such notice in order to take custody of the alien upon release. The Attorney General later amended this Condition to clarify that "[i]n the event that . . . the scheduled release date and time for an alien are such as not to permit the advance notice [of scheduled release] . . . it shall not be a violation of this condition to provide only as much advance notice as practicable."

3.  The "Compliance Condition" requires that Byrne JAG recipients certify compliance with 8 U.S.C. § 1373.

## I.  DECLARATORY RELIEF

In accordance with the analysis presented in the Court's aforementioned Memorandum Opinion, the Court declares that 8 U.S.C. § 1373 violated the Tenth Amendment's anticommandeering principle and is therefore facially unconstitutional.  (Dkt. 198.) The Court further declares that the Attorney General exceeded the authority delegated by Congress in the Byrne JAG statute, 34 U.S.C. § 10151 *et seq.,* and in 34 U.S.C. 10102(a)(6) in attaching the challenged Conditions to the FY 2017 Byrne JAG grant.  Finally, the Court declares that the Attorney General's decision to attach the Conditions to the FY 2017 Byrne JAG grant violated the constitutional principle of separation of powers.

## II.  **PERMANENT INJUNCTION**

For the reasons stated above and in the Court's Memorandum Opinion, it is hereby **ORDERED** that the Attorney General's decision to attach the Conditions to the FY 2017 Byrne JAG grant is set aside and shall have no legal effect.  The Attorney General is enjoined from denying or delaying issuance of any FY 2017 Byrne JAG award insofar as that denial or delay is based on the Conditions.  Prohibited conduct includes: using the Conditions in any FY 2017 Byrne JAG award document, delaying the processing or approval of a recipient's requests to draw upon the FY 2017 Byrne JAG funds based on the Conditions, and enforcing the Conditions against FY 2017 Byrne JAG recipients, regardless of whether those Conditions appeared in FY 2017 Byrne JAG award documents. No recipient's acceptance of its FY 2017 award may be construed as acceptance of the Conditions. For purposes of this injunction, "delay" means the failure or refusal to take an action that the Attorney General has taken for any other FY 2017 Byrne JAG recipient, if that failure or refusal is based in any way on an applicant's compliance or lack of compliance with the Conditions or the litigation involving the Conditions, including if such failure or refusal is based on the Attorney General's seeking to

preserve the ability to impose or enforce the Conditions in the future.

This Order applies to the Attorney General's imposition of the Challenged Conditions on the Byrne JAG grant program as a whole. Its effects run to the benefit of all Byrne JAG applicants and recipients are not limited to the City of Chicago and its sub-grantees. Further, for the reasons set forth in Court's Memorandum Opinion (Dkt. 198), the Court enters a stay of the injunction as to all areas of the country beyond Chicago. This stay is as merited now as it was when the Court published its Opinion in July, given that in remanding this case, the court of appeals took care to leave its own stay—which is a reflection of the one this Court enters now—in place.

### III.  **FINAL JUDGMENT**

The only remaining Count in this case is Count IV, which the Attorney General earlier moved to dismiss. The Court denied that effort. In court on August 15, 2018, Chicago's counsel conceded that because the Court's July 28, 2017 Opinion found the City entitled to injunctive relief (Dkt. 198), Count IV became moot. The Court accordingly dismissed that Count. There being no Counts remaining to be decided on the merits, the Court now enters final judgment in this case. FED. R. CIV. P. 58.

### IV.  PERSEVERATION OF RIGHTS

The City preserves its rights to seek reasonable costs, including attorneys' fees, for this matter and any future related proceeding.  The Attorney General preserves his rights to object to or to oppose any attempt by the City to recover the same.

**IT IS SO ORDERED.**

_____
    Harry D. Leinenweber, Judge
    United States District Court


Dated:    8/15/2018