| | |
|---|---|
| **THE CITY OF CHICAGO**,<br><br>                      *Plaintiff*,<br><br>   v.<br><br>**MERRICK B. GARLAND**, in his official capacity as Attorney General of the United States,<br><br>                    *Defendant*. | Civil Action No. 1:17-cv-05720<br><br>Hon. Harry D. Leinenweber |

## AMENDED FINAL JUDGMENT AND ORDER

Now, this 8th day of March 2022, for the reasons set forth in the Court's Memorandum Opinions of September 19, 2019 (Dkt. 80) and January 13, 2021 (Dkt. 126), and the Court of Appeals' June 4, 2020 Amended Opinion, *see City of Chicago v. Barr*, 961 F.3d 882 (7th Cir. 2020), it is hereby **ORDERED** that judgment be entered in favor of Plaintiff, the City of Chicago (the "City" or "Chicago"), and against Defendant, Attorney General of the United States. Consistent with Federal Rule of Civil Procedure 65, the Court grants the City declaratory and injunctive relief as set forth below.

Through this lawsuit, the City challenges the Attorney General's decision to attach six conditions to the FY 2018 Edward Byrne Memorial Justice Assistance Grant ("Byrne JAG"), specifically:

1. The "Notice Condition" requires that Byrne JAG recipients "provide—as early as practicable … —advance notice to [the Department of Homeland Security (DHS)] of the scheduled release date and time for a particular alien, if a State or local government (or government-contracted) correctional facility receives from DHS a formal written request pursuant to the INA that seeks such advance notice."

2. The "Access Condition" requires that Byrne JAG recipients permit federal government agents "access to any State or local government (or government-contracted) correctional facility by such agents for the purpose" of "interrogat[ing] any alien or person believed to be an alien as to his [or her] right to be or to remain in the United States."

3. The "Section 1373 Compliance Condition" requires that Byrne JAG recipients certify compliance with 8 U.S.C. § 1373.

4. The "Section 1644 Compliance Condition" requires that Byrne JAG recipients certify compliance with 8 U.S.C. § 1644.

5. The "Harboring Condition" prohibits Byrne JAG recipients from making any "public disclosure … of any federal law enforcement information in a direct or indirect attempt to conceal, harbor, or shield from detection any fugitive from justice under 18 U.S.C. ch. 49, or any alien who has come to, entered, or remains in the United States in violation of 8 U.S.C. ch. 12—without regard to whether such disclosure would constitute (or could form a predicate for) a violation of 18 U.S.C. 1071 or 1072 or of 8 U.S.C. 1324(a)."

6. The "Additional Certification Requirement" requires the recipient jurisdiction to submit "Certifications and Assurances by the Chief Executive of the Applicant Government." The condition incorporates a requirement that the City's Chief Legal officer

certify that "neither the jurisdiction nor any entity, agency, or official of the jurisdiction has in effect … any law, rule, policy, or practice that would apply to the 'program or activity' to be funded … that would or does—(a) impede the exercise by federal officers of authority under 8 U.S.C. § 1357(a); or (b) impede the exercise by federal officers of authority relating to 8 U.S.C. § 1226(a) or (c), 8 U.S.C. § 1231(a), or 8 U.S.C. § 1366(1) or (3)."

These conditions are referred to herein as the "Challenged Conditions."

## I. DECLARATORY RELIEF

For the reasons stated in the aforementioned Opinions of this Court and the Court of Appeals, the Court declares that the Attorney General, who is limited by longstanding principles of separation of powers to act only in accordance with congressional directives, exceeded the authority delegated by Congress in the Byrne JAG statute, 34 U.S.C. § 10151 *et seq.*, and in 34 U.S.C. § 10102, in attaching the Conditions to the Byrne JAG grants. Nothing in this amended judgment order changes or affects the Court's basis for awarding permanent injunctive relief, or the scope of that relief, as set forth more fully above and in the Court's opinions.

## II. PERMANENT INJUNCTION

For the reasons stated in the aforementioned Opinions of this Court and the Court of Appeals, it is hereby **ORDERED** that the Attorney General's decision to attach the Challenged Conditions to the FY 2018 Byrne JAG grant is set aside and shall have no legal effect. The Attorney General is enjoined from denying or delaying issuance of any FY 2018 Byrne JAG award insofar as that denial or delay is based on the Challenged Conditions. The Attorney General is further enjoined from denying or delaying issuance of the Byrne JAG award in FY 2019 or any other future program year insofar as that denial or delay is based on the Challenged Conditions or materially identical conditions. Prohibited conduct includes: using the Challenged Conditions, or materially identical conditions, in any Byrne JAG award document; delaying the processing or approval of a recipient's requests to draw upon Byrne JAG funds based on the Challenged Conditions or materially identical conditions; and enforcing the Conditions or materially identical conditions against Byrne JAG recipients, regardless of whether those conditions appeared in Byrne JAG award documents. No recipient's acceptance of its Byrne JAG award may be construed as acceptance of the Challenged Conditions or materially identical conditions. For purposes of this injunction, "delay" means the failure or refusal to take an action that the Attorney General has taken for any other Byrne JAG recipient, if that failure or refusal is based in any way on (1) an applicant's compliance or lack of compliance with the Challenged Conditions or materially identical conditions or (2) litigation involving the Challenged Conditions or materially identical conditions, including if such failure or refusal is based on the Attorney General's seeking to preserve the ability to impose or enforce the Challenged Conditions or materially identical conditions in the future. The Attorney General is further enjoined from requiring that Byrne JAG grantees certify compliance, pursuant to 34 U.S.C. § 10153(a)(5)(D), with Federal laws that do not expressly apply to federal grants or grant recipients, such as 8 U.S.C. §§ 1373 and 1644.

This Order applies to the Attorney General's imposition of the Challenged Conditions and any materially identical conditions on the Byrne JAG grant program in FY 2018 and all future grant years. Its effects run to the benefit of all Byrne JAG applicants and recipients and are not limited to the City of Chicago and its sub-grantees.

Nothing in this injunction shall preclude the Attorney General from requiring applicants to provide a general certification that they will comply with applicable federal law, *see* 34 U.S.C. § 10153(a)(5)(D), nor shall this injunction be construed as conferring independent authority on a recipient of grant funds to use them in a manner that violates federal law. Pursuant to the opinions of this Court and the Seventh Circuit, 8 U.S.C. §§ 1373 and 1644 shall not be considered applicable federal laws for purposes of such a general certification. Nor shall such a general certification of compliance with applicable federal laws be read to impose any new obligations that would not apply to grant recipients independent of the certification or of acceptance of Byrne JAG funding. Finally, such a certification shall apply only to the use of award funds under the Byrne JAG grant formula program and shall not reach the use of other funds within the funded program or activity or elsewhere.

### III. FINAL JUDGMENT

There are two remaining Counts in this case: Count IV and Count VI.

In light of the Court of Appeals' holding that §§ 1373 and 1644 are not "applicable Federal laws" because they do not "apply by their terms to the award itself," *City of Chicago v. Barr*, 961 at 899, the Court withdraws its prior declaration that §§ 1373 and 1644 are unconstitutional and dismisses Count IV as moot, without prejudice.

The parties have agreed to dismiss Count VI without prejudice, and the Court accordingly dismisses Count VI without prejudice.

There being no Counts remaining to be decided on the merits, the Court now enters final judgment in this case. Fed. R. Civ. P. 58.

### IV. ATTORNEYS' FEES AND COSTS

Plaintiff may still seek reasonable attorneys' fees and costs in this matter. 28 U.S.C. § 2412. Defendants are entitled to object to or oppose any attempt by Plaintiff to recover the same. Any motion regarding attorneys' fees and costs shall be made in accordance with the procedures and schedule set forth in Local Rule 54.3.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 3/8/2022